Joseph **STEVENSON**, Plaintiff,

v.

Clyde **SANDERS** et al., Defendants.

No. 1402.

United States District Court,

W. D. Kentucky,
Bowling Green Division.

April 9, 1970.

Allender, Simmons & Robertson, by Douglas E. Robertson, Bowling Green, Ky., for plaintiff.

Joe S. Wheeler, Milam & Milam, Russellville, Ky., Harlin, Parker, Ricketts, Lucas & English, by Charles E. English, Bowling Green, Ky., for defendants.

## MEMORANDUM AND ORDER

SWINFORD, District Judge.

Plaintiff seeks to invoke jurisdiction of this court under Sections 1983, 1985 and 1986 of Title 42 U.S.C. of the Civil Rights Act alleging that defendants conspired to deprive and did deprive him of his rights of freedom of speech and equal protection of the law as guaranteed by the first and fourteenth amendments of the constitution. The complaint alleges that the plaintiff suffered physical injuries as a result of an assault and battery committed upon his person by the Jailer of Logan County and others hereafter named. The action is brought individually against Clyde Sanders, Jailer of Logan County; Homer Dorris, Logan County Judge; Ed Price, Sheriff of Logan County; Clyde Darden, Deputy Sheriff of Logan County; against the above mentioned persons in their respective capacities as agents of Logan County; and against the County of Logan by and through its fiscal court. The defendants have made a motion to dismiss for lack of jurisdiction over the parties and subject matter.

The facts giving rise to this litigation are as follows. Prior to the date of the assault and battery the plaintiff states that he had denounced the manner in which the defendants, as duly elected officials of Logan County, had conducted the duties of their offices, and had caused several articles and letters to be published in the local newspaper. This criticism became a source of embarrassment to the defendants and purportedly motivated them to embark upon a conspiracy to quell by intimidation and force any further censure by the plaintiff. The objectives of the accused conspiracy became manifest on June 26, 1969, when the plaintiff was physically beaten by the defendants. On that date the plaintiff claims he lawfully entered the Logan County Jail for the purpose of visiting an inmate there incarcerated. He was met by the Jailer, Clyde Sanders, who refused the plaintiff's request to see the prisoner and then without provocation commenced to beat him into a state of semi-consciousness, whereby Sanders and other of the defendants dragged the plaintiff into the office of Homer Dorris where the beating continued. Plaintiff asserts that these facts, assuming them to be true, set forth a cause of action under Sections 1983, 1985 and 1986 of the Civil Rights Act.

■■ The defendants maintain they are not "persons" within the meaning of Section 1983 and cannot be sued thereunder. The word "persons" does not include governmental subdivisions of a state, consequently the charge against the County of Logan must be dismissed. A county does not constitute a suable legal entity under this Section; rather the action must be brought against the individual persons or officers, who under color of their respective offices denied the plaintiff of federal constitutional rights. The Supreme Court in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) was of the opinion that Congress did not intend to bring municipal corporations or governmental units within the ambit of Section 1983. Other cases in line with that decision are: Patrum v. City of Greensburg, 419 F.2d 1300 (6 Cir.1969); Baxter v. Parker, 281 F.Supp. 115 (D.C.1968); Dodd v. Spokane County, Washington, 393 F. 2d 330 (9 Cir.1968); Brown v. Town of Caliente, Nevada, 392 F.2d 546 (9 Cir. 1968); Haigh v. Snidow, 231 F.Supp. 324 (D.C.1964); Roberts v. Trapnell, 213 F.Supp. 47 (D.C.1962).

■ The defendants, as individuals and agents of the county, claim that they are immune from suit. This proposition is without merit. The doctrine of governmental immunity should be sparingly applied in suits arising under Section 1983. To be immune the acts of the defendant must be associated with general matters committed by law to his

control and supervision and must not be manifestly beyond his authority. See Norton v. McShane, 332 F.2d 855 (5 Cir.1964). The acts alleged by the plaintiff are palpably beyond any authority duly granted to the defendants and to shield those acts from judicial review by the cloak of governmental immunity would unjustly deny a citizen of his right to redress., Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Baxter v. Parker, 281 F.Supp. 115 (D.C.1968); Jobson v. Henne, 355 F.2d 129 (2 Cir.1966); Roberts v. Pepersack, 256 F.Supp. 415 (D.C.1966); Stringer v. Dilger, 313 F.2d 536 (10 Cir.1961).

The crucial question raised by the defendants' motion to dismiss is whether the plaintiff has sufficiently alleged facts which would vest this court with jurisdiction over the subject matter; that is, whether the defendants were professing to act under authority of the state, or color of the law, when the battery was committed. The tenor of the complaint sounds as if the entire matter is nothing more than a personal vendetta purely private without any touch of state law, for which the proper remedy would be an action in tort. There is nothing in the complaint which unequivocally shows the beating was inflicted under the purported authority of the defendants' offices, however, the plaintiff does generally allege that defendants were at all times acting under the color of law, and this is sufficient to avoid dismissal. In Roberts v. Trapnell, 213 F.Supp. 49 (D.C.1962) it was held that all that is necessary to perfect a complaint under the Civil Rights Act is to allege facts constituting a deprivation, under color of the law, of a right promised by the fourteenth amendment.

The defendants further contend the plaintiff has not, with sufficient particularity, pleaded facts which would establish the existence of a conspiracy under Section 1985. This is a close question. In addition to stating the conclusionary allegation that there was a conspiracy, the complaint does set forth certain overt acts which the defendants, as conspirators, supposably undertook. Apparently the test is that if particular acts and incidents are alleged the complaint is sufficiently specific. Hoffman v. Halden, 268 F.2d 280 (9 Cir.1959); Tyree v. Smith, 289 F.Supp. 174 (D.C. 1968); O'Hara v. Mattix, 255 F.Supp. 540 (D.C.1966).

It is hereby ordered that the motion to dismiss for want of jurisdiction is sustained as to the defendant, Logan County, and overruled as to all others.