**William RYAN, Plaintiff,**

v.

**NEW CASTLE COUNTY et al.,
Defendants.**

**Civ. A. No. 4381.**

United States District Court,
D. Delaware.
Oct. 2, 1973.

Donald W. Booker, Wilmington, Del., for plaintiff.

Joseph M. Bernstein, Wilmington, Del., for defendants.

## OPINION

STEEL, District Judge:

Based on the allegations of the complaint, three New Castle County Police Officers, Wilson, Duffy and Rodgers, struck the plaintiff numerous times while inside Justice of the Peace Court No. 15, forced him to the floor, and pulled hair from his head, all without just cause and without an arrest warrant having been issued. This action was then begun against the three officers.[1] Additional defendants named were New Castle County, Harvey D. Miller and Henry E. Snedeker, Director and Chief, respectively, of the New Castle County Police Department. The complaint alleges that these two officials at the time of the attack on the plaintiff were acting as agents, servants and/or employees of New Castle County.

The complaint further alleges that jurisdiction of the Court is based on the existence of a federal question, that the action arises under the Fourteenth Amendment to the United States Constitution, 28 U.S.C. § 1331 and 42 U.S.C. §§ 1981, 1983, and 1988,[2] and that the matter in controversy, exclusive of interest and costs, exceeds the sum of

---

1. As to one, Duffy, the action has been dismissed for lack of service. Hence in this litigation only two of the police officers will be considered to be defendants.

2. Section 1982 was originally alleged to be a jurisdictional basis but this apparently was a typographical error which was corrected to read 1983 by an amendment to the complaint.

$10,000. The complaint fails to allege pendent jurisdiction as to any phase of the case.[3]

Three of the defendants, New Castle County, Miller and Snedeker, have moved for summary judgment upon the basis of the pleadings, depositions, affidavits and answers to interrogatories which are on file.

While all five defendants are referred to in Count I, that count, standing alone, makes no reference to the existence of a federal question or to any violation of the Civil Rights Act insofar as any of the five defendants are concerned. It is apparent from the allegations of paragraph 12, 13 and 14 of Count I that it is based upon common law negligence of all of the five defendants. Paragraphs 12, 13 and 14 read:

"12. Defendants Wilson, Duffy, and Rodgers, while acting within the scope of their employment, negligently and recklessly attacked Plaintiff without just cause.

13. Defendants, New Castle County, Miller and Snedeker were negligent in that:

a. They and each of them failed to provide adequate training, experience and supervision to Defendants Duffy, Wilson, and Rodgers.

14. The aforesaid actions of Defendants, New Castle County, Miller and Snedeker and each of them were not privileged and were performed maliciously, wilfully, deliberately, recklessly, negligently, and with wilful and wanton disregard for the Plaintiff's rights."

Count II reincorporates and realleges the allegations of Count I, but it contains no further allegations of wrongdoing, federal or state, on the part of New Castle County, Miller or Snedeker. The police officers, however, are alleged to have attacked the plaintiff in violation of federal law. These federal violations are contained in paragraph 18 of the complaint which reads:

"The action of Defendants, Duffy, Wilson, and Rodgers constituted wilful and wanton violations of the Constitution and laws of the United States in that Plaintiff was wantonly deprived by Defendants, under the color of State authority, statute, ordinance, regulation, custom, or usage, of liberty and property without due process of law, in violation of Title 42 United States Code § 1981, 1983, and 1988. These actions were permitted, sanctioned, and encouraged under color of State law, statute, ordinance, regulation, custom or usage under circumstances wilfully and wantonly depriving Plaintiff of rights and immunization secured him by United States Constitution and Constitution of the State of Delaware."

The complaint prays for judgment against all of the defendants, both jointly and severally, in the amount of $100,000 with interest and court costs, plus punitive damages against all defendants, both jointly and severally, in the amount of $300,000.

 To summarize, Count I purports to allege a cause of action under state law for negligence against all of the defendants. Count II, on the other hand, purports to allege a federal cause of action against the two police officers only. In drafting the complaint, the plaintiff apparently recognized that under Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L.Ed.2d 492 (1961), and subsequent decisions, e. g., United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84, 86 n. 2 (3rd Cir. 1969),

---

3. Pendent jurisdiction not having been pleaded this Court should not be particularly hospitable to it. Smith v. Spina, 477 F.2d 1140, 1143 (3rd Cir. 1973).

cert. denied, 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970); Shellburne, Inc. v. New Castle County, 293 F.Supp. 237, 240 (D.Del.1968), a county is not a "person" that can be sued under 42 U.S.C. § 1983, and that under Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973), liability cannot be imposed upon municipal or county governments under § 1988. 42 U.S.C. § 1981, which the complaint also refers to as a basis for suit, is obviously without relevance to the suability of the three moving defendants and the plaintiff makes no contention that it is.

■ The fact that Count I seemingly attempts to hold New Castle County liable for the actions of all of the other defendants under the *respondeat superior* theory is an additional reason why no federal cause of action has been alleged against the county, because *respondeat superior* has no application in an action under § 1983. Campbell v. Anderson, 335 F.Supp. 483, 485 (D.Del.1971).

Since no federal claim has been alleged against New Castle County, Miller or Snedeker, if any cause of action is to be sustained against them it must be on the basis of pendent jurisdiction.[4] In considering this question it will be assumed, *arguendo*, that Count II does allege a federal claim.[5]

■ In Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Court held that a federal court is without power to exercise pendent jurisdiction over a state cause of action unless the state and federal claims "derive from a common nucleus of operative fact". 383 U.S. at 725, 86 S.Ct. at 1138. Here no common nucleus of operative fact exists. Count II involves a narrow factual issue, i. e., whether the two police officers attacked the plaintiff without legal cause of justification and without a warrant having first been issued. This issue is entirely unrelated to the claim alleged in Count I. The latter claim requires a factual determination of the training, experience, and supervision which the county through its agents Miller and Snedeker provided for Wilson and Rodgers; and unless these two police officers occupied some unique and special position not alleged in the complaint, Count I will call for evidence concerning the training, experience and supervision which Miller and Snedeker provided for police officers generally. In addition, Count I will call for a determination of the legal responsibility of Miller and Snedeker, as Director and Chief of Police, respectively, in the training and supervising of police officers and in assuring that they have adequate experience. These legal questions are likewise unrelated to the issue raised by Count II. This Court, therefore, lacks the requisite power to exercise pendent jurisdiction.

For these reasons, the motion of New Castle County, and Miller and Snedeker, as its Director and Chief of Police, respectively, will be treated as a motion to dismiss and the action as to them will be dismissed without prejudice for lack of jurisdiction. Martucci v. Mayer, 210 F. 2d 259, 260–261 (3rd Cir. 1954); 6 Moore, Federal Practice, ¶ 56.03, p. 2054 (2nd ed. 1965).

---

4. See Footnote 3, *supra*, p. 126.

5. It may be questioned whether the allegations of Count II, and particularly paragraph 18, satisfy the specificity required by Gittlemacker v. Prasse, 428 F.2d 1, 6 (3rd Cir. 1970) of a claim alleged under § 1983. However, the parties have as yet not addressed themselves to this question.