**Ernest B. VERES, Plaintiff,**

v.

**The COUNTY OF MONROE, a political subdivision of the State of Michigan, et al., Defendants.**

**Civ. A. No. 26993.**

United States District Court, E. D. Michigan, S. D.

Oct. 17, 1973.

Walter A. Kurz, Detroit, Mich., for plaintiff.

John L. Potter, Grosse Pointe Farms, Mich., for defendants.

## OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

KENNEDY, District Judge.

Plaintiff Ernest Veres filed a complaint in 1965 [1] seeking damages against various officials of Monroe County who allegedly violated his federal civil rights by proceeding to commit him involuntarily to a mental hospital. In proceeding to commit the plaintiff, some of the defendants allegedly falsely arrested him and unreasonably searched and seized him.

The County of Monroe, the Monroe County Board of Supervisors, and the Monroe County Auditor, defendants in the action, have moved for summary judgment on the ground that they are not "persons" within the meaning of any of the Civil Rights Statutes under which they are sued.[2]

It is well settled that a municipality is not a "person" within the meaning of 42 U.S.C. § 1983. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961). If there was ever any doubt that a County was not a "person", that doubt was recently removed when the U. S. Supreme Court held that "§ 1983 is unavailable as a basis for suit against the County." Moor v.

---

1. Proceedings in this action have been stayed, pending resolution of an almost identical action filed in state court prior to the filing of the present action.

2. Plaintiff has claimed that the motion was never filed. The Court's records show that the motion for summary judgment on behalf of the three defendants was filed January 24, 1969 (pleading no. 65).

County of Alameda, 411 U.S. 693, 704, 93 S.Ct. 1785, 1793, 36 L.Ed.2d 596 (1973). The County of Monroe is, therefore, not a proper defendant under § 1983 because it is not a "person". The remaining question is whether the County is a proper defendant under any of the other sections of the Civil Rights Act which plaintiff invokes: §§ 1981, 1985, 1986 and 1988.

■ Unlike § 1983, § 1981 does not state whom may be sued under the statute. However, § 1981 reads, "All persons . . . shall have the same right . . . as is enjoyed by white citizens . . . ." This statutory language raises the question whether the plaintiff in the present action may invoke the statute at all. The phrase "as is enjoyed by white citizens" implies that the statute applies only to cases of racial discrimination. Plaintiff has made no allegation of racial discrimination nor does a reading of his complaint reveal any basis for such an allegation. It may be inferred from Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968) that § 1981 indeed applies only to racial discrimination. In *Jones* the Court held that a companion statute, § 1982, "deals only with racial discrimination . . . ." (in owning and conveying property). The Court traced the legislative history of § 1982, and found that when first enacted, §§ 1981 and 1982 were part of the same statute, § 1 of the Civil Rights Act of 1866, *Id.*, 392 U.S. at 422, 88 S.Ct. 2186. Moreover, both sections create a cause of action using the identical language, " . . . as is enjoyed by white citizens." When two statutes, enacted at the same time by the same Congress, which were originally part of the same Act of Congress, use identical language to describe the nature of the right created, and one of the statutes (§ 1982) has been held to apply only to racial discrimination, the other statute (§ 1981) must also be held to apply only to racial discrimination. This Court feels bound by the clear implication to that effect in *Jones,* supra, and

so holds. One Court of Appeals and several U. S. District Courts have agreed that § 1981 applies only to racial discrimination. Agnew v. City of Compton, 239 F.2d 226, 230 (CA9 1956) cert. den. 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed. 2d 910; Schetter v. Heim, 300 F.Supp. 1070 (E.D.Wis.1969) and Williams v. San Francisco Unified School District, 340 F.Supp. 438 (N.D.Cal.1972). Since the complaint in the present action lacks any allegation of racial discrimination, § 1981 is unavailable to the plaintiff as a basis for a cause of action against any of the defendants.

■ Plaintiff also bases his cause of action against the County upon § 1988. The threshold question under § 1988 is whether it creates a cause of action at all. Its language speaks only in terms of when federal law should be applied in civil rights cases, and when state law should be applied. On its face, § 1988 does not create an independent cause of action. The U. S. Supreme Court in *Moor, supra,* restricted § 1988 to its apparent purpose, holding that § 1988 "instructs federal courts as to what law to apply in causes of action arising under federal civil rights acts." *Id.*, 411 U.S. at 703, 93 S.Ct. at 1792. The legislative history showed that it "was obviously intended to do nothing more than to explain the source of law to be applied in actions brought to enforce the substantive provisions of the Act . . . ." *Id.*, 411 U.S. at 705, 93 S.Ct. at 1793. Thus, § 1988 is procedural only, and does not create a substantive cause of action for violation of federal civil rights. Plaintiff in the present action may not base his cause of action against any defendant upon § 1988.

Plaintiff also rests his cause of action on § 1985, without specifying on which of its three subsections he relies. Subsection (1) applies only to a plaintiff who is a candidate for office or is an officer of the U. S.; subsection (2) creates a cause of action for obstruction of justice, or intimidation of a party, witness or juror. There is no allegation in the complaint which could be con-

strued as invoking either of these two subsections. Subsection (3), however, creates a cause of action for conspiracy to deprive a person of equal protection of the laws, and is arguably invoked by the allegations of the complaint. The question is whether the County of Monroe is a "person" who can conspire within the meaning of § 1985. This question can be answered by comparing § 1985 with § 1983.

§§ 1985 and 1983 share a common historical source. § 1985, first enacted in 1861, was reenacted in 1871 along with the present § 1983. Both sections derive from the same act of Congress, the Civil Rights Act of 1871, 17 Stat. 13. Although § 1985 was first enacted ten years before the enactment of the 1871 Civil Rights Act, the U. S. Supreme Court has said that § 2 of the 1871 Civil Rights Act is the "parent" of § 1985(3).[3] § 1983 was originally § 1 of the same Civil Rights Act. The Congress which enacted § 1983 purposely deleted a provision for municipal liability because Congress believed it lacked the Constitutional power to impose such liability. *Monroe, supra,* 365 U.S. at 187–192, 81 S.Ct. 473; *Moor, supra,* 411 U.S. at 709, 93 S.Ct. 1785. Given the similar historical derivation of §§ 1985 and 1983, the same legislative intent not to impose liability on municipalities may be attributed to § 1985. This conclusion is substantiated by the similar language of the statutes. Both statutes use the word "persons" to identify whom is a proper defendant. It would be anomalous to hold that Congress intended the word "persons" in § 1983 to carry a different meaning than the word "persons" in § 1985(3). At least three U. S. Courts of Appeals have held that municipalities are not "persons" for purposes of § 1985(3).[4] *Agnew, supra,* 239 F.2d at 233; Spampinato v. City of New York, 311 F.2d 439, 440 (CA2 1962)

cert. den. 372 U.S. 980, 83 S.Ct. 1115, 10 L.Ed.2d 144; Johnson v. City of Cincinnati, 450 F.2d 796, 798 (CA6 1971). Since it is not a "person," the County of Monroe may not be sued under § 1985(3).

Finally, plaintiff bases his cause of action on § 1986. That section makes liable every "person" who, having knowledge of certain wrongs conspired to be done, and having the power to prevent those wrongs, neglects to do so. The "wrongs" referred to are the wrongs "mentioned in § 1985." Thus, by its own terms, § 1986 is to be read in conjunction with § 1985. Moreover, § 1986 was enacted as part of the same Civil Rights Act of 1871, 17 Stat. 15, of which § 1985 is a part. Since § 1986 shares with § 1985 a common legislative source, since both sections use the word "persons" to identify proper defendants, and since both were enacted by the same Congress which believed it could not constitutionally impose civil liability on municipalities, the word "persons" must carry the same meaning in each section. For this reason, the County of Monroe, since it is not a "person" within the meaning of §§ 1983 or 1985, is similarly not a "person" for purposes of § 1986.

There remains the question whether the Monroe County Board of Supervisors is a "person" within the meaning of § 1983.[5] On the face of it, the Board of Supervisors is a group of individuals, not a "person". Moreover, it is clear from plaintiff's complaint that he is suing the Board as an institution, since the individual members of the Board are not named individually or in any way identified. As an institution, the Board is simply a unit of the Monroe County government. Any judgment against the Board would be collected from the County Treasury. In effect, then, the action against the Board is an action against the County of Monroe, a

3. Griffin v. Breckenridge, 403 U.S. 88, 98–99, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

4. The Supreme Court left the issue unresolved in *Monroe, supra,* 365 U.S. at 169–170, n. 2, 81 S.Ct. 473.

5. §§ 1985 and 1986 need not be discussed separately from § 1983, since the word "persons" means the same in all three sections.

result forbidden by *Monroe, supra.* Accordingly, there are cases holding that various units of state and local government are not "persons" within the meaning of § 1983. Kish v. County of Milwaukee, 48 F.R.D. 102 (E.D.Wis.1969) (Board of Supervisors); Johnson v. Hackett, 284 F.Supp. 933 (E.D.Pa.1968) (township Board of Commissioners); Sams v. New York State Board of Parole, 352 F.Supp. 296 (S.D.N.Y.1972) and cases cited therein holding § 1983 inapplicable to such governmental agencies as a state department of social services, a state board of parole, a state court, a city owned hospital, a city police department, a city rent and rehabilitation administration, a school district and a city transit authority. The rationale of *Monroe, supra,* and the weight of authority compel the conclusion that the Monroe County Board of Supervisors is not a "person" within the meaning of § 1983.

■ The final question is whether the Monroe County Auditor is a "person" within the meaning of the statutes. Plaintiff has brought this action against the "Monroe County Auditor," without naming the person who held that position at the time the acts complained of occurred. Admittedly, an action against the County Auditor is an action against an individual, not a group of individuals. However, by suing the County Auditor, rather than the person who held that office for his personal acts, plaintiff implies that the action is brought against the institution and office of County Auditor. As such, the action is, in effect, one against the County, since any judgment against the "Monroe County Auditor" would be satisfied out of County funds. This result is impermissible under *Monroe, supra,* the County not being a "person." In a similar situation, one

court has held that actions against school board officials in their official capacities only, were the equivalent of actions against the state subdivision they represented, the school board. Thus, the actions were not brought against "persons" and were barred by the *Monroe* rationale, Harkless v. Sweeny Independent School District, 300 F.Supp. 794, 807 (S.D.Texas 1969).[6]

■ Even if the County Auditor were sued in his individual capacity, however, the complaint fails to state a cause of action against him. The complaint merely charges the Auditor with direct or indirect responsibility for the wrongful acts of other defendants by virtue of his position and authority. No specific acts or omissions on the part of the Auditor are alleged. Thus, plaintiff seeks to impose liability upon the Auditor under the doctrine of respondeat superior. Yet, the language of the civil rights statutes invoked by plaintiff contemplates personal acts or omissions by a defendant. § 1983, for example, makes liable every person who "subjects, or causes to be subjected" any citizen to the deprivation of his federal civil rights. Even the phrase "causes to be subjected" implies that plaintiff must allege and show more than mere authority by the defendant over others who have violated plaintiff's rights. Without alleging at least one specific act or omission by the Auditor which was a causative factor in depriving plaintiff of his federal civil rights, plaintiff has not shown that he is entitled to relief. Other courts have rejected the respondeat superior doctrine under § 1983 and have held that personal acts or omissions are required. See Bennett v. Gravelle, 323 F.Supp. 203, 214 (D.Md.1971) aff'd 451 F.2d 1011 (CA4 1971) cert. dismissed 407 U.S. 917, 92 S.Ct. 2451, 32 L.Ed.2d 692, and cases cited therein.

6. rev'd, 427 F.2d 319 (CA5 1970) cert. den. 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439, on the ground that school board officials sued in their official capacities only could be considered "persons" where equitable relief only was sought. This rationale does not apply to the present action since the plaintiff is seeking money damages. Moreover, the use of an expanded definition of the word "persons" where equitable relief only is sought under § 1983 was considered and rejected in a subsequent decision of the U.S. Supreme Court. City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

Of all the civil rights statutes invoked by plaintiff, only § 1986 relaxes the requirement of personal involvement by the defendant, and contemplates a limited respondeat superior theory of recovery. However, even § 1986, which makes liable any person who has knowledge of § 1985 conspiracies and fails to prevent them, requires actual knowledge by the defendant of the conspiracy. Thus, one Court recently held that a complaint which alleged that the city mayor had knowledge of the conspiracy against plaintiffs by virtue of his "position of authority and responsibility" was insufficient to state a cause of action under § 1986. Hampton v. City of Chicago, 484 F.2d 602 (CA7 1973). Plaintiff in this action has not alleged any knowledge of any conspiracy on the part of the Auditor, nor are there any allegations which give rise to an inference of such knowledge. Even under § 1986, then, plaintiff has not stated a cause of action against the Auditor.

For all the foregoing reasons, the Motion for Summary Judgment is Granted as to all three defendants, the County of Monroe, the Monroe County Board of Supervisors, and the Monroe County Auditor.

It is so ordered.