**Herman DIAMOND, Plaintiff,**

**v.**

**J. Tom COLEMAN, Chairman of the Chatham County, Commission, et al., Defendants.**

**No. CV474–40.**

United States District Court,
S. D. Georgia,
Savannah Division.

May 21, 1975.

See also, D.C., 395 F.Supp. 433.

Jack Friday and Fletcher Farrington, Hill, Jones & Farrington, Savannah, Ga., for plaintiff.

Anton F. Solms, Jr., Savannah, Ga., for County Commissioners, Case & Argust.

Patricia T. Barmeyer Asst. Atty. Gen., Atlanta, Ga., and John W. Sognier, Kennedy & Sognier, Savannah, Ga., for Marland, Maxwell & Cassidy.

ORDER ON MOTION FOR SUMMARY
JUDGMENT BY CHATHAM COUN-
TY COMMISSIONERS

LAWRENCE, Chief Judge.

I

This § 1983 action brought by Her-
man Diamond grows out of his arrest on
April 4, 1973, in connection with the fill-
ing of marshland adjacent to Richardson
Creek on Whitemarsh Island without the
permit alleged to be required in his case
by the Coastal Marshlands Protection
Act of Georgia, Ga.Code Ann. § 45–140.
The defendants include the members of
the Chatham County Commission, in
both their individual and official capaci-
ties; two Chatham County police offi-
cers who are claimed to have made an
unlawful arrest of Herman Diamond;
two State Rangers who made an arrest,
and Dr. Frederick C. Marland, Director
of Marshland Protection, Department of
Natural Resources.

The complaint which is brought under
42 U.S.C. § 1983 is jurisdictionally pred-
icated on 28 U.S.C. § 1331 (the federal
question statute) and 28 U.S.C. §
1343(3), (4) (jurisdiction in cases for
relief under acts protecting civil rights).
The theory of recovery against the Com-
missioners is that they wilfully failed to
properly train the police officers in the
County's employ. It is claimed that the
unconstitutional arrest of plaintiff by
County Officers Case and Argust was
directly attributable to the Commission's
failure to provide adequate and proper
training to policemen.

The defendant County Commissioners
have moved for summary judgment.
Affidavits accompanying same state that
the Commissioners were not present at
the time of plaintiff's arrest; did not
participate either directly or indirectly
therein; did not have personal knowl-
edge of any of the incidents leading up
to or relating to the arrest; did not di-
rect or order the same, and did not con-
fer with either officer in respect thereto
either before or after it occurred.

Affidavits of the two police officers
and of the Chief of the Chatham County
Police Force are attached to the motion
for summary judgment. They show
that at the time of the arrest Sergeant
Case had served in police work for near-
ly eight years. He had satisfied the re-
quirements established by the "Geor-
gia Peace Officers Standards and
Training Act" (Ga.Code Ann. § 92A–
2101 et seq.) and graduated from the
Savannah Police Academy in 1966. He
has completed a course in "The Law of
Administration and Supervisory Deci-
sion Making" conducted by the North-
eastern University Traffic Institute and
has attended courses at the F.B.I. Na-
tional Academy and under the auspices
of the University of Miami School of
Medicine, Division of Addiction Sci-
ences.

Officer R. M. Argust graduated from
the Savannah Police Department Basic
School in 1964. He has more than ten
years experience and training as a law
enforcement officer. He attended the
Georgia State Trooper Academy in 1970
and was President of the Trooper class.
Argust served as bodyguard to the then
Governor of Georgia before being as-
signed as a trooper in the State Patrol.
In 1971–1972 he served in the Savannah
Beach Police Department. In the latter
year he rejoined the Chatham County
police force.

The affidavit of Chief of Police St.
Lawrence says that Argust and Case are
"highly-trained professional Police Offi-
cers" who have, in addition to the train-
ing mentioned, participated in numerous
Departmental In-Service Training Ses-
sions, covering various subjects, includ-
ing the law of arrest.

Plaintiff submitted no showing by af-
fidavits or otherwise corroborating his
allegations as to failure of the defendant
Commissioners to properly train County
police officers.

II

 A municipality is not a "per-
son" within the meaning of § 1983.

*City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109. County school boards are not "persons" under the 1871 Act. *Adkins v. Duval County School Board,* 511 F.2d 690 (5th Cir., 1975). The ruling of this Circuit in that case necessarily extends to a county. It has frequently been held in other jurisdictions that a county is not a "person" under § 1983 permitting a suit against a county.[1] Accordingly, no civil rights action for damages may be maintained against the governing authority by a citizen suffering a depredation of his constitutional rights. Nor is a member of the governing body subject to suit in his *official* capacity. See *Veres v. County of Monroe,* 364 F.Supp. 1327 (E.D.Mich.); *O'Brien v. Galloway,* 362 F.Supp. 901 (D.Del.). However, independently of jurisdiction under § 1983, federal question jurisdiction exists under 28 U.S.C. § 1331 in an action against the official brought against him in his *individual* capacity where the amount in controversy exceeds $10,000. *City of Kenosha v. Bruno, supra,* 412 U. S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109.

In the instance of suits against members of governing bodies and supervisory officials of a county or municipality, under civil rights statutes (including § 1983), where vicarious liability is sought to be imposed by reason of unconstitutional acts of subordinates, the doctrine of *respondeat superior* is generally inapplicable.[2] For a mayor and alderman, a board of police commissioners, a police chief or a city manager to become liable under § 1983, such official must have had personal involvement in the denial of constitutional rights by the police officer concerned.[3]

### III

In *Boyd v. Adams,* 364 F.Supp. 1180 (N.D., Ill.) it was held that a police chief is not liable in a § 1983 action for breach of duty to competently and professionally train the men under his command. It was held that the statute eliminates *respondeat superior* in connection with the liability of supervisory personnel, which is conditioned upon "personal involvement". At 1185.

However, there is authority to the contrary. I will briefly review it. In *Carter v. Carlson,* 144 U.S.App.D.C. 388, 447 F.2d 358 the Court of Appeals for the District of Columbia reversed the grant of motions to dismiss in a suit against such District and the Chief of Police arising out of a beating administered by police officers in connection with an arrest allegedly made without probable cause. The Court said that the function of training, supervising and controlling police officers may involve both discretionary and ministerial functions and that in the absence of relevant factual information, it was error to dismiss the claims against the Police Chief and the District.[4] In *Beverly v. Morris et al.,* 470 F.2d 1356 the Fifth Circuit

1. *Tilli v. County of Northhampton,* 370 F. Supp. 459 (E.D.Pa.); *Ryan v. New Castle County,* 365 F.Supp. 124 (D., Del.); *Glass v. Hamilton County, Tennessee,* 363 F.Supp. 241 (E.D., Tenn.); *Stevenson v. Sanders,* 311 F.Supp. 683 (W.D., Ky.); *Shellburne, Inc. v. New Castle County,* 293 F.Supp. 237 (D., Del.); *Dodd v. Spokane County, Washington,* 393 F.2d 330 (9th Cir.).

2. See *Nugent v. Sheppard,* 318 F.Supp. 314 (N.D., Ind.); *Furumoto v. Lyman,* 362 F. Supp. 1267 (N.D., Cal.); *Richardson v. Snow,* 340 F.Supp. 1261 (D., Md.); *Veres v. County of Monroe, supra,* 364 F.Supp. 1327; *Ryan v. New Castle County, supra,* 365 F. Supp. 124 (D., Del.); *Schumate v. People of State of New York,* 373 F.Supp. 1166 (S.D., N.Y.).

3. See *Patrum v. Martin,* 292 F.Supp. 370 (W.D., Ky.); *Mack v. Lewis,* 298 F.Supp. 1351 (S.D., Ga.); *Love v. Davis,* 353 F. Supp. 587 (W.D., La.); *Fanburg v. City of Chattanooga,* 330 F.Supp. 1047 (E.D. Tenn.); *Boettger v. Moore,* 483 F.2d 86 (9th Cir.); *Bennett v. Gravelle,* 323 F.Supp. 203 (D., Md.), aff'd. 451 F.2d 1011 (4th Cir.); *Hopkins v. Hall,* 372 F.Supp. 182 (E.D., Okl.); *Jennings v. Davis,* 476 F.2d 1271 (8th Cir.); *Roberts v. Williams,* 456 F.2d 819 (5th Cir.).

4. On certiorari, the Supreme Court of the United States reversed the ruling that § 1983 permitted an action against the District of Columbia. See *District of Columbia v. Carter,* 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed. 2d 613.

affirmed an award of damages under § 1983 against a police chief in a case where an auxiliary police officer black-jacked a prisoner in custody at Jesup. Liability was predicated on negligence in failing to train the auxiliary officer properly and to supervise his patrol duties. Noting the complete absence of any supervision or training, the Court pointed out that the case was "not one of vicarious liability founded on the theory of *respondeat superior,* but is instead a claim founded upon the defendant's own negligence".

### IV

 This Court is relieved of the necessity of reconciling any conflict between the cases and the inapplicability of the "respondeat superior" doctrine to actions brought against supervisory officials for wrongful acts of subordinates. Whatever may be said, the fact remains that the defendant County Commissioners were neither officially nor personally involved in the arrest of the plaintiff. They neither directed nor knew anything about it. They were not guilty of negligence in the training and the supervision of the two County officers involved in the incident.

The affidavits accompanying the defendant Commissioners' motion for summary judgment leave no genuine issue of fact as to those matters. The affidavits have not been countered. They pierce the veil of the allegations in the complaint as to the Commissioners, reducing the charges to mere words— "whited sepulchres, which indeed appear beautiful outward, but are within full of dead men's bones".

Plaintiff's only reply to the showing by the Commissioners in connection with their motion for summary judgment is that this Court should await the reception of all the evidence in the case before determining any question of fact in relation to the allegation of the adequacy of the training program of the County Commission.[5] Such a course would render the summary judgment procedure a meaningless thing.

The motion of the defendant County Commissioners for summary judgment is granted and they are dismissed as party defendants to this action.

There are also pending motions for summary judgment by the remaining defendants and a motion for partial summary judgment filed on behalf of the plaintiff. Rulings thereon will be shortly made by this Court.

---

5. Earlier this year, this Court granted a motion for directed verdict on behalf of the Mayor and Aldermen of Savannah in a similar situation after both sides rested. See Ezra Brown vs. The Mayor and Aldermen of the City of Savannah, Mendonsa et al. (CV474-70).