**Jason KROES, Plaintiff,**

**v.**

**Dennis SMITH, Terry Mills, Gerald Montagne, Deputy Cox, Deputy Mulligan, Deputy Healy, the County of Washtenaw, a municipal corporation, the County of Wayne, a municipal corporation. Defendants.**

**Civ. A. No. 80–60016.**

United States District Court, E. D. Michigan, S. D.

June 14, 1982.

Beth E. Applebaum, Schefman & Miller, Detroit, Mich., for plaintiff.

Eliot Striar, Ann Arbor, Mich., for defendant Washtenaw Co.

James W. Quigly, Detroit, Mich., for defendant Wayne Co.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

The court has before it motions to dismiss or for summary judgment filed by the defendant counties, Wayne and Washtenaw, and by three Wayne County deputy sheriffs, Donald Cox, Barry Healy, and Gerald Montagne. Since affidavits have been filed and depositions referred to, the court considers the motions as motions for summary judgment.

The complaint, originally naming John Does, Jim Roes, and Washtenaw County as defendants, charges defendants with violations of plaintiff's civil rights under 42 U.S.C. § 1983. Plaintiff alleges that he was a passenger in an automobile which was the subject of a high speed chase by deputy sheriffs of first Washtenaw County and then Wayne County. Plaintiff contends that his civil rights were violated after the vehicle was stopped. He asserts that without provocation he was beaten, threatened with further violence, handcuffed, transported to the Washtenaw County Jail, placed in a jail cell, and strip searched, all at the hands of the defendants. Based on these actions by defendants, plaintiff claims that he was deprived of his rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments. Count I alleges a violation of due process guarantees, Count II pleads under an invasion of privacy theory, and Count III charges defendants with false arrest and false imprisonment.

## I. COUNTIES' MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT

■ Although the two defendant counties are represented by different counsel, many of the arguments and much of the analysis presented in their motions are similar. Plaintiff's answer to each motion is almost identical. Therefore, in the analysis which follows both motions will be discussed as joint motions unless otherwise specified.

The defendant counties raise several arguments to support their proposition that they can not be held liable for the injuries complained of by plaintiff. The primary argument postulated by the counties is that under the principles enunciated in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and its progeny, they can not be held liable under the theory of respondeat superior for the actions of the county deputy sheriffs.

Both defendants recognize that *Monell* held municipalities to be persons within the meaning of 42 U.S.C. § 1983 and that under appropriate facts they are subject to liability under § 1983. In relevant part, the Court in *Monell* stated:

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.

436 U.S. at 690, 98 S.Ct. at 2035. In addition, the Court held, "[l]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." 436 U.S. at 690–91, 98 S.Ct. at 2035–2036.

Both defendants argue, however, that *Monell's* bar to vicarious municipal liability requires their dismissal from the lawsuit.

Defendants assert that nothing in the plaintiff's complaint has pled facts to attribute the acts of the deputy sheriffs to any policy, ordinance, regulations, decision, or custom of the counties. The principal argument relied upon by the counties is that the Michigan constitution totally separates the policy making powers and responsibilities of county government and county sheriff. Therefore, defendants argue that under the facts of this case the counties do not make any policy for the sheriff and they can be linked to the actions of the deputy sheriffs only on the basis of vicarious liability. They argue that *Monell* forecloses liability against them on that theory.

In analyzing the alleged unconstitutional acts of the deputy sheriffs in this case, the court must first examine the state law to determine whether acts of deputy sheriffs in Michigan can be attributed to the counties to establish § 1983 liability. The Michigan Constitution 1963, art. 7, § 6 provides:

> The sheriff may be required by law to renew his security periodically and in default of giving such security, his office shall be vacant. *The county shall never be responsible for his acts*, except that the board of supervisors may protect him against claims by prisoners for unintentional injuries received while in his custody. He shall not hold any other office except in civil defense. (Emphasis added)

As noted above, the counties argue that the Michigan constitution precludes liability against them based on the acts of a sheriff or his deputies. They assert that there are no facts pled in the complaint to attribute the acts of the defendant deputies to the counties in any way other than under a theory of respondeat superior. The defendants further assert that the constitution makes the sheriff an independent officer, with independent functions as prescribed by law.

> There shall be elected for four-year terms in each organized county a sheriff, a county clerk, a county treasurer, a regis-

ter of deeds and a prosecuting attorney, *whose duties and powers shall be provided by law.* The board of supervisors in any county may combine the offices of county clerk and register of deeds in one office or separate the same at pleasure. (Emphasis added).

Mich.Const. art. 7, § 4. In light of this section, the defendants contend that state law and not the county has created the sheriff's position as an independent office, insulated from the county for the purposes relevant to the present inquiry; that state law, not the county, mandates that the sheriff create policy for himself and his agents (deputies); and, that when the sheriff carries out his duty to create policy he is serving a purely state function, imposed upon him by state law.

Plaintiff counters the defendant counties' arguments by asserting that in Michigan individual deputy sheriffs act under the authority of the counties and not the sheriff. Plaintiff supports this argument by citing M.C.L.A. § 51.70 which requires in part that before beginning his duties each deputy must post a bond of $2,500.00 with the county clerk. Plaintiff also contends that deputies must "comply specifically with the employment requirements of the County and the County's board of supervisors." Plaintiff's Brief at 18. Additionally, plaintiff relies on the fact that deputies' salaries are set by and paid by the county. Finally, plaintiff points to the fact that the county board of supervisors has authority to fix the number of deputy sheriffs.

The court has carefully reviewed the briefs of the parties, and the court has fully analyzed the applicable state constitutional provision and state statutes, as well as those cases interpreting those provisions. The court finds that when it applies the principles of *Monell* to the issues presented by the counties' motions, it must grant their motions and dismiss the counties from the lawsuit.

As noted above, *Monell* precludes the court from holding the county liable under § 1983 for the acts of the defendant deputies where the basis for liability rests on the doctrine of respondeat superior. Having reviewed all relevant statutes, constitutional provisions, and cases, the court finds that although the deputies may be employees of the county, the sheriff, not the county, establishes the policies and customs described in *Monell.*

The law in Michigan makes it clear that the sheriff of a given county is the only official with direct control over the duties, responsibilities, and methods of operation of deputy sheriffs. Section four of article seven of Michigan's constitution provides that the duties and powers of the county sheriff shall be provided by law. As stated in M.C.L.A. § 51.70, "Each sheriff may appoint one or more deputy sheriffs at his pleasure, and may revoke such appointments at any time . . . ." Section six of article seven of the constitution provides that the county is never responsible for the acts of the sheriff except in certain narrow instances not applicable to this case. These provisions operate in conjunction with *Monell* to prevent suit under § 1983 against the counties for the alleged wrongful acts of the deputies.

The court recognizes that in certain instances the courts of Michigan have not spoken with a clear voice when faced with the issue now presented. *See, e.g., Lockaby v. Wayne County,* 406 Mich. 65, 276 N.W.2d 1 (1979) and *McCann v. Michigan,* 398 Mich. 65, 247 N.W.2d 521 (1976). However, applying the Michigan law of deputy liability as the court believes it to be to the guidelines set forth in *Monell* for establishing municipal liability under § 1983, the court is compelled to grant the defendant counties' motions to dismiss.

The court does not hold that there can never be an instance in Michigan where a county can be properly found liable under § 1983 for the acts of deputy sheriffs in its jurisdiction. The court simply holds that under the facts as pled in the complaint and presented in the depositions and affidavits

before the court, the defendant counties' motions must be granted.

The court grants the motions for summary judgment filed by Washtenaw County and Wayne County.

## II. WAYNE COUNTY DEPUTY SHERIFFS' MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT

 Wayne County Deputy Sheriffs Donald Cox, Gerald Montagne, and Barry Healy have filed motions to dismiss or for summary judgment. In order to rule on defendants' motions, a general understanding of plaintiff's complaint and the facts of the case are necessary.

Plaintiff's complaint grows out of treatment he received at the hands of deputy sheriffs of two counties, Wayne and Washtenaw. The facts that are not controverted show that on September 23, 1979 the automobile in which plaintiff was a passenger was pursued in a high speed chase by Washtenaw County deputy sheriffs in Washtenaw County. As plaintiff's vehicle was leaving Washtenaw County and entering Wayne County, the Washtenaw County officers radioed ahead for assistance from Wayne County officials.

Wayne County Deputy Sheriff Montagne received the radio dispatch and after spotting a vehicle matching the description given in the dispatch he gave chase. Deputy Montagne's affidavit states that his pursuit caused the subject car to stop on a freeway entrance ramp; that once the vehicle stopped he radioed into the sheriff's dispatch his position and the subject vehicle's description and license plate number, and approached the car on the driver's side; that the driver provided him with a valid Michigan driver's license; and, that very shortly thereafter several vehicles containing Washtenaw County deputy sheriffs converged on the scene. Montagne's affidavit further states that once the Washtenaw deputies arrived, he had no further direct involvement with the subject vehicle or its occupants.

The affidavits of Deputies Cox and Healy reflect even less involvement than Deputy Montagne concerning plaintiff or plaintiff's vehicle. Both stated that they responded to the same radio dispatch as Deputy Montagne. However, both indicated that by the time they reached the location where the vehicle was stopped the situation was under control and, therefore, they had no involvement with the subject vehicle or its passengers.

A review of the complaint indicates that only Count I could have any potential relevance to the Wayne County deputy sheriffs. Count I alleges abuses by defendants growing out of the stop of the vehicle and the beating which allegedly followed. Count II asserts an invasion of privacy based on the strip search which allegedly occurred after plaintiff arrived at the Washtenaw County Jail. Paragraph 23 of the complaint states, "That the strip search conducted by the Defendant Washtenaw County Officers was degrading, humiliating and demeaning." Count III alleges false arrest and false imprisonment. Again, it is clear from plaintiff's complaint that this alleged deprivation occurred at the hands of the Washtenaw County officials.

Taking into consideration the well pleaded allegations of the complaint, plaintiff's deposition, the affidavits of the three Wayne County deputy sheriffs, and plaintiff's affidavit, the court finds that it must grant all three defendants' motions for summary judgment on Counts II and III. There is no set of facts at issue before the court upon which any of these three defendants could be found liable to plaintiff under either count. Plaintiff's affidavit supports this ruling. Paragraph 14 of plaintiff's affidavit states, "To my knowledge and belief, I was falsely arrested and falsely imprisoned by more than one Washtenaw County deputy." Paragraph 15 of his affidavit states, "To my knowledge and belief, I was subjected to a strip search at the Washtenaw County Jail by a Washtenaw County deputy."

As for the remaining count, Count I, there is no set of facts upon which defendant Cox or Healy could be found liable to plaintiff. Their uncontroverted affidavits show that they never came into contact with plaintiff or the vehicle in which he was traveling. There is no indication to the contrary. Accordingly, the motions for summary judgment by defendants Cox and Healy are granted as to Count I as well as Counts II and III of plaintiff's complaint. Therefore, defendants Cox and Healy are dismissed from the case.

 Based on the record before it, the court can not at this time grant defendant Montagne's motion for summary judgment as to Count I. His affidavit indicates that he was the officer who caused plaintiff's vehicle to stop and that he was the first officer to have any contact with the passengers in the car. While his affidavit states that he did not have any contact with the plaintiff at any time, for the purposes of the present motion his assertion is sufficiently controverted by plaintiff's affidavit to make it inappropriate to grant summary judgment at this time. Plaintiff's affidavit states that at least one Wayne County deputy sheriff was responsible for his beating. Of course, defendant Montagne is free to bring another motion for summary judgment should future discovery in this case make such a motion appropriate.

### III. SUMMARY

For the reasons noted in this opinion:

1) Wayne County's motion for summary judgment is granted as to all counts in the complaint;

2) Washtenaw County's motion for summary judgment is granted as to all counts in the complaint;

3) Wayne County Deputy Sheriff Donald Cox's motion for summary judgment is granted as to all counts of plaintiff's complaint;

4) Wayne County Deputy Sheriff Barry Healy's motion for summary judgment is granted as to all counts of plaintiff's complaint;

5) Wayne County Deputy Sheriff Gerald Montagne's motion for summary judgment is granted as to Counts II and III of plaintiff's complaint, and is denied as to Count I.

So ordered.