**Dane L. MILLER, Ruth M. Talbott and Nellie F. Miller, Plaintiffs,**

v.

**Lewis ANDERSON, Individually and in his official capacity as a Deputy Sheriff of Upshur County, West Virginia, and Fred Gaudet, individually and in his official capacity as Sheriff of Upshur County, West Virginia, and The County Commission of Upshur County, West Virginia, a West Virginia public corporation, Defendants.**

**Civ. A. No. 83–0351–E(K).**

United States District Court, N.D. West Virginia, Elkins Division.

Oct. 2, 1984.

John Burton Hunter, III, Buckhannon, W.Va., and Robert M. Morris, Weston, W.Va., for plaintiffs.

Thomas H. Keadle, Buckhannon, W.Va., and Anita R. Casey, (County Com'n), Charleston, W.Va., for defendants.

## MEMORANDUM OPINION

KIDD, District Judge.

On December 22, 1983, the plaintiffs filed their complaint in this matter pursuant to 42 U.S.C. § 1981, 1983, 1986, 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States. Jurisdiction is based upon 28 U.S.C. § 1331 and 1343(a)(1) through (4). Plaintiffs further invoke the pendent jurisdiction of this Court to consider claims arising under state law.

On August 13, 1984, the defendant, Fred Gaudet, individually and in his official capacity as Sheriff of Upshur County, West Virginia, filed his motion for summary judgment and memorandum in support. On August 28, 1984, the plaintiffs filed their motion in opposition to the defendant Fred Gaudet's motion for summary judgment.

Counts One, Two, Three, and Four of plaintiffs' complaint allege that the defendant, Fred Gaudet, Sheriff of Upshur County, "failed to adequately train, supervise, discipline, or in any other way control the aforesaid agents and employees in the exercise of the police functions." The law is clear that a sheriff cannot be held liable under the doctrine of respondeat superior for civil rights violations committed by his deputy. *Baskin v. Parker*, 602 F.2d 1205 (5th Cir.1979). *See also Campbell v. Bergeron*, 486 F.Supp. 1246 (DC La.1980).

In *Wanger v. Bonner*, 621 F.2d 675, (5th Cir.1980), the court cited *Baskin v. Parker*, 602 F.2d 1205 (5th Cir.1979) regarding vicarious liability.

[1] In *Baskin* this court held that a sheriff could not be held liable under 42 U.S.C. § 1983 for the unlawful actions of his deputies on the basis of vicarious liability. *Id.* at 1207–08. The plaintiffs could, however, recover damages from the sheriff if he actively participated in the actions causing the deprivation of the plaintiffs' constitutional rights. *Id.* at 1208. Subsequent to *Baskin*, a plaintiff seeking to impose liability upon a supervisory official for the acts of his subordi-

nates must show that the official was personally involved in the activities resulting in the deprivation of the plaintiffs' constitutional rights. *Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 122 (5th Cir.1980). He must establish a causal connection between an act of the supervisory official and the alleged constitutional violation. *Henzel v. Gerstein,* 608 F.2d 654 (5th Cir.1979). *Wanger* also held that a sheriff could not be held liable under 42 U.S.C. § 1983 for failure to adopt policies to prevent constitutional violations on the part of his deputies.

However, some courts have held that failure to adequately train subordinate officers is a sufficient basis for liability. *Dewell v. Lawson*, 489 F.2d 877 (10th Cir. 1974). In *Owens v. Haas*, 691 F.2d 1242 (2nd Cir.1979) the court ruled that gross negligence or a deliberate indifference to training and supervision would be a proper basis for liability against a county. Certainly supervisory officials could be held liable under the same standard. It has been held that simple negligence was not sufficient to support the liability of supervisory officials for inadequate training, supervision and control of subordinates. *Hays v. Jefferson County*, 668 F.2d 869 (6th Cir.1982). In *Wilson v. Beebe*, 612 F.2d 275 (6th Cir.1980), the court found no liability existed for the failure to train a subordinate in the proper procedure to follow while making arrests. The Fourth Circuit Court of Appeals in *Wellington v. Daniels*, 717 F.2d 932 (4th Cir.1983), has held that:

> ... a failure to supervise gives rise to § 1983 liability, however, only in those situations in which there is a history of widespread abuse. Only then may

knowledge be imputed to the supervisory personnel. *See Bowen v. Watkins*, 669 F.2d 979, 988–89 (5th Cir.1982). *See Also McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 (11th Cir.1981), *cert. denied*, 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982).

The Court went on to hold that:

> A single act or isolated incidents are normally insufficient to establish supervisory inaction upon which to predicate § 1983 liability. *See Berry v. McLemore*, 670 F.2d 30 (5th Cir.1982); *Avery v. County of Burke*, 660 F.2d [111] at 114 [(4th Cir.1981)]; *Orpiano v. Johnson*, 632 F.2d 1096 (4th Cir.1980), *cert. denied*, 450 U.S. 929, 101 S.Ct. 1387, 67 L.Ed.2d 361 (1982). *Cf. Owens v. Haas*, 601 F.2d at 1246 (even an individual act of brutality by a county employee may be the basis for municipal liability where it arises from a municipal policy of inadequate training "so grossly negligent as to constitute 'deliberate indifference.' ").

■ In this instance, the defendant, Sheriff Gaudet, submitted an affidavit in support of his motion for summary judgment. Sheriff Gaudet's affidavit indicates that Deputy Anderson has been employed for seven (7) years in the field of law enforcement and has had no reprimand or disciplinary action taken against him. Further, the Sheriff's affidavit details that Deputy Anderson attended Basic Police School at the State Police Academy for ten weeks in 1977 as well as various other training seminars and schools,[1] and meets the minimum entry level law enforcement qualification and training program requirements promulgated pursuant to Chapter 30, Article 29 of the West Virginia Code as amended.

---

1. Deputy Anderson's training is as follows:

1977—Basic's Police School, Charleston State Police Academy, 10 weeks
1983—Radar School, State Police Academy, 1 week
1979—Radar School, Custum Rep. 40 hours
1983—Street Survival-Parkersburg, 2 days
1983—Hands on Hands off, 2 days, Fairfax, Virginia
1978—Photo School, Charleston State Police Academy, 3 days
1979—Homicide Seminar, State Police Academy, 3 days
1984—DUI and Accident Investigation, Inservice training 8 hours put on by State Police
1977—Breathalizer School, Buckhannon Fire Station, Breathalizer School, State Police Academy
1982—EMT Qualifications

Count Five of plaintiffs' complaint alleges that the "plaintiffs requested an investigation into the alleged police misconduct and unlawful arrest and was assured by the defendant, Fred Gaudet, that such an investigation would be conducted in a timely, efficient, and unbiased manner." Plaintiffs allege that no investigation was ever made and as a result plaintiff suffered expense, public humiliation and mental anguish because of the protracted litigation arising from this incident. Fred Gaudet's affidavit of August 27, 1984, indicates that a Ruth M. Talbott contacted him by telephone requesting an investigation surrounding this incident. The affidavit further indicates that the defendant Gaudet notified Alexander M. Ross, Prosecuting Attorney for Upshur County, West Virginia, and requested an investigation be conducted, and that Prosecuting Attorney Ross advised the Sheriff that a request had already been made to Corporal Cunningham of the West Virginia Department of Public Safety for an investigation. The affidavit states that to the best of the defendant's knowledge such investigation was conducted.

The Court is of the opinion, based upon the affidavit, that the defendant Fred Gaudet took prompt action to insure that an unbiased investigation would be conducted of this incident. Further, Sheriff Gaudet notified the prosecuting attorney of his request for an independent investigation to be made by the state police rather than an internal investigation.

The Court is of the opinion that no genuine issue of fact exists and for the reasons stated above, the Court is of the opinion that the defendant Fred Gaudet's motion for summary judgment should be, and is hereby, GRANTED and this defendant is hereby DISMISSED from this action.

On August 10, 1984, the defendant, the County Commission of Upshur County, West Virginia, filed its motion for summary judgment. The plaintiff filed his memorandum in opposition on August 21, 1984.

Plaintiff's complaint alleges in Counts One, Two, Three and Four that the County Commission of Upshur County "failed to adequately train, supervise, discipline, or in any other way control Defendant, Lewis Anderson, and the exercise of his police functions." Count Five of plaintiff's complaint alleges that the "County Commission (of Upshur County) (failed) to conduct the promised investigation" of this matter. However, nowhere in the complaint does it allege that the plaintiff appeared before the County Commission requesting an investigation nor that the County Commission promised such an investigation. The only allegation made is that Fred Gaudet, Sheriff of Upshur County, promised to investigate this matter.

In *Diamond v. Coleman,* 395 F.Supp. 429 (DC Ga.1975), the court held that:

This Court is relieved of the necessity of reconciling any conflict between the cases and the inapplicability of the "respondeat superior" doctrine to actions brought against supervisory officials for wrongful acts of subordinates. Whatever may be said, the fact remains that the defendant County Commissioners were neither officially nor personally involved in the arrest of the plaintiff. They neither directed nor knew anything about it. They were not guilty of negligence in the training and the supervision of the two County officers involved in the incident.

The County police officers in *Diamond, supra* had eight to ten years experience and had attended numerous seminars. Based upon the facts, the court in *Diamond* found that the county commissioners were not liable on the basis of failure to adequately train police officers. It has been held that where the county sheriff is elected and not selected by the county commission, and where the county had no power to set standards or qualifications for deputies, that the county could not be held liable. *John Thomas, Jr. v. Officers Talesky and Bradley, etc.,* 554 F.Supp. 1377 (DC Ill.1983). *See also Jason Kroes v. Dennis Smith, et al,* 540 F.Supp. 1295 (DC Mich.1982). *Allen v. Fidelity and Deposit Co. of Maryland,* 515 F.Supp. 1185 (DC S.C.1981) *aff'd* 694 F.2d 716 (4th Cir.1982).

However, in West Virginia the county commission and sheriff have responsibility in hiring and firing and in assuring

adequate training is received by the deputies. Chapter 6, Article 3, Section 2 provides that the sheriff of the county traditionally is the person who employs and dismisses deputies. The sheriff also has supervisory control over his/her deputies. *Tanner v. McCall,* 625 F.2d 1183 (5th Cir. 1980). *See also Mozingo v. Barnhart,* 285 S.E.2d 497 (W.Va.1981). The county commission has veto power over a selected deputy and has a duty, along with the sheriff of a county, to insure that deputies are adequately trained. *Mozingo v. Barnhart,* 295 S.E.2d 497 (W.Va.1981).

In this instance, Deputy Anderson has seven (7) years experience as a law enforcement officer and has received four (4) commendations. Deputy Anderson has also participated in numerous training programs and seminars during his tenure of service.

The Court is of the opinion that no genuine issue of fact exists and based upon the reasons contained herein the Court hereby grants summary judgment to the defendant, the Upshur County Commission, and it is hereby dismissed from this action.

Judgment shall be entered accordingly.

The Clerk is directed to transmit certified copies of this Memorandum Opinion to counsel of record herein.