John L. RUNNELS, Aaron Mallard, Sr. and John T. Pritchett, Plaintiffs,

v.

William H. PARKER, individually and as Chief of Police of the City of Los Angeles, California, John Ferraro, Elbert T. Hudson, Reynaldo Carreon, Jr., Frank G. Hathaway, Michael Kohn, Nancy E. Lyman, individually and as members of the Police Commission of the City of Los Angeles, California, Herbert D. Wade, P. E. McKinley and Lewis J. Wilson, individually and as Police Officers of the City of Los Angeles, California, Defendants.

Civ. No. 66–803–F.

United States District Court
C. D. California.

Jan. 27, 1967.

Jerrell Babb, Los Angeles, Cal., for plaintiffs.

Roger Arnebergh, City Atty., John A. Daly, Asst. City Atty., Donald Batman, Deputy City Atty., Los Angeles, Cal., for defendants.

## OPINION

FERGUSON, District Judge.

The motion of the defendants, William H. Parker, John Ferraro, Elbert T. Hudson, Reynaldo Carreon, Jr., Frank G. Hathaway, Michael Kohn and Nancy E. Lyman, for summary judgment, filed on January 4, 1967, heretofore argued and submitted, it is now decided as follows:

The said motion is hereby granted on the ground that it appears from the pleadings and answers to interrogatories, together with the affidavits, " * * * that there is no genuine issue as to any material fact and that the moving party [parties] is [are] entitled to a judgment as a matter of law". Rule 56(c) of the Federal Rules of Civil Procedure.

The Court approves the form of findings of fact and conclusions of law, and the judgment, lodged on January 4, 1967, by the moving defendants and has signed and caused the same to be filed this day.

Costs to the defendants.

### Comment:

This case arises under the Civil Rights Act, 42 U.S.C.A. Sec. 1983, for an alleged violation of civil rights by police officers of the City of Los Angeles, the Chief of Police and the individual members of the Los Angeles Police Commission, and the Secretary of the Commission.

The material facts pertaining to the motion stated most favorably to the plaintiffs (Burnham Chemical Co. v. Borax Consolidated, Ltd., 170 F.2d 569, 574 (9th Cir. 1948), indicate that on August 30, 1965, plaintiff John T. Pritchett was driving an automobile on Vermont Avenue near the intersection with Florence Avenue in Los Angeles. The plaintiffs Aaron Mallard, Sr., and John L. Runnels were passengers.

Plaintiff Pritchett made a turn from Vermont Avenue on to Florence Avenue, whereupon he was ordered to the curb and to stop by a police officer who had been following him. Several other police cars appeared and converged on plaintiff's automobile. Several police officers, openly armed with hand guns, dismounted from the police cars and surrounded plaintiff's automobile. Plaintiffs were ordered from their automobile, arrested on suspicion of robbery and searched.

Plaintiffs were returning to their respective homes from their employment at the Long Beach Naval Shipyards. Each of the plaintiffs had in his shirt pocket an official identity badge issued him by the shipyard on which was his picture and his name.

No contraband of any sort was found on the persons of plaintiffs or the automobile.

A period of time had elapsed while the officers continued to search the automobile, restraining the plaintiffs until one officer was heard to say, "We have had them out here long enough, let's take them in".

By this time a large crowd of onlookers had gathered, the Florence Avenue and Vermont intersection being a major intersection in Los Angeles. Plaintiffs were then handcuffed, placed in police vehicles and transported to a police station. At the police station the plaintiffs were interrogated for a period of an hour and a half, were then booked and placed in cells.

Plaintiff Runnels was jailed for a period of three days; Aaron Mallard, Sr., for two days; and John D. Pritchett for two days. Plaintiffs were released without any charge being placed against them.

Plaintiffs in this action have sued the three police officers who arrested them, the Chief of Police and the individual members of the Board of Police Commissioners, together with Nancy E. Lyman, who is the secretary to the Board. The motion for summary judgment is brought by all of the defendants, excluding the three police officers who made the arrest.

The basis for the action against the moving defendants is the allegation that there is a departmental rule of the Los Angeles Police Department, promulgated

either by the Chief of Police or the members of the Board of Police Commissioners, which requires Los Angeles City Police Officers while questioning persons suspected of criminal activities on the public streets to limit that questioning to a period of time not to exceed 30 minutes, and if not concluded within that time to transport them to a police station.

The plaintiffs contend that the effect of such a rule overrides the individual police officer's discretion and arbitrarily results in the arrest of persons who though possibly being properly questioned on the street may be innocent of any criminal activity or any other reason which would provide reasonable or probable cause for their being taken into custody otherwise.

The defendants have filed affidavits which are uncontradicted to the effect that they had no knowledge whatsoever of the alleged incident which is the basis of the action prior to their becoming parties to the action; that they were not personally involved in the alleged arrests, nor were they personally involved in any other incident or happening which is alleged as a basis of the action; that they did not direct the arrests or other described happenings to the plaintiffs or ratify them in any way; and lastly that they did not prescribe any arrest procedures which eliminated the use of discretion by the individual officers.

The plaintiffs do not claim that the Chief of Police or the members of the Los Angeles Police Commission are liable to plaintiffs under the doctrine of respondeat superior. The basis for a cause of action, if any, under the Civil Rights Act against the moving defendants is, therefore, as stated in the second cause of action of the plaintiffs' complaint. There the plaintiffs allege that the Chief of Police and the individual members of the Police Commission promulgated and adopted certain procedures for the guidance and mandatory use by police officers of the City of Los Angeles relative to, among other things, procedures to be followed by police officers after having arrested persons on the public streets or elsewhere where such arrests may cause crowds to gather; and that pursuant to said prescribed procedures a police officer must either release the persons arrested or transport them to places of confinement within 30 minutes of the arrest, irrespective of the status of investigation which if continued might result in immediate release.

The plaintiffs contend that the prescribed procedures are in themselves violative of the constitutional rights of all persons within the geographical limits of the City of Los Angeles and are unlawful in circumscribing the free and unrestricted exercise of discretion on the part of arresting police officers. All defendants deny the existence of such a rule. However, for the purpose of determining the motion for summary judgment, the Court will assume its existence.

The issue in this motion for a summary judgment therefore is whether or not the Chief of Police and the individual members of the Police Commission are liable under the Civil Rights Act for the mere passage of a regulation which directs that police officers, whenever they have made an arrest and such arrests may cause large crowds to gather, after the expiration of a period of 30 minutes and for that reason alone the person arrested must be released or else be transported in custody to a police station. It is the holding of this Court that the moving defendants have absolute immunity from liability for promulgating the rule.

In the absence of participation in conduct (1) under color of law, which (2) deprives the plaintiffs of rights, privileges and immunities secured to them by the Constitution, the moving defendants are not liable to plaintiffs. In Jordan v. Kelly, 223 F.Supp. 731 (W.D.Mo.1963), an action was brought against the Chief of Police and members of the Board of Police Commissioners for an act of an officer in arresting plaintiff. The Court held:

The chief of police would not be responsible for the wrongful acts of the

officer unless he was present or unless it is shown he directed such acts or personally cooperated in them, and there is no dispute but that he was not present, did not direct and did not cooperate in the making of the arrest.

The allegation that the arresting officer was acting under the general supervision, direction and control of the chief of police is not sufficient to render him liable under the statutes and the cases cited. The reasoning and principle of law discussed with reference to the liability of the chief of police applies to the members of the Board of Police Commissioners also. 223 F.Supp. at 739.

The Board of Police Commissioners is not an agency for review of investigation and arrests in the ordinary course of its business. "Said board [referring to the San Francisco board] has no separate existence and is incapable of either suing or being sued, except as it may be required as an official body by *mandamus* to perform its official duties, or except as its official action may be compelled or enjoined in some other special proceeding." Sheehan v. Board of Police Commissioners, 188 Cal. 525, 532, 206 P. 70, 73 (1922).

Counsel have cited no cases, nor has the Court been able to find any, in which the mere adoption of a regulation by either a legislative or administrative agency can constitute the basis of personal liability for monetary damages under the Civil Rights Act.

The Court is mindful of cases such as McCoy v. Louisiana State Board of Education, 229 F.Supp. 735 (E.D.La.1964), wherein it was held:

\* \* \* while failure of the individual members of the Board of Education to abide by the law does not create a right of action against the Board itself, it may give rise to a right of action against the individual members of the Board who have allegedly acted illegally and in violation of the United States Constitution. 229 F.Supp. at 739.

However, in *McCoy*, the action was for the purpose of making the Board Members comply with the law, admit Negroes to a state college. It was not an action to impose monetary damages against the Board Members.

While it is not the function of this Court to determine the wisdom of the rule complained of, it is important to remember that plaintiffs admit that at the time of the arrests at a busy intersection large crowds were gathering and possibly becoming unruly.

In Tenney v. Brandhove, 341 U.S. 367, 377, 71 S.Ct. 783, 788, 95 L.Ed. 1019 (1951), the Supreme Court said, regarding the issue of legislative privilege:

The claim of an unworthy purpose does not destroy the privilege. Legislators are immune from deterrents to the uninhibited discharge of their legislative duty, not for their private indulgence but for the public good. One must not expect uncommon courage even in legislators. The privilege would be of little value if they could be subjected to the cost and inconvenience and distractions of a trial upon a conclusion of the pleader, or to the hazard of a judgment against them based upon a jury's speculation as to motives.

In Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), the Court extended the privilege of immunity of members of the Legislature to lesser administrative officers. There the Court stated:

The reasons for the recognition of the privilege have been often stated. It has been thought important that officials of government should be free to exercise their duties unembarrassed by the fear of damage suits in respect of acts done in the course of those duties—suits which would consume time and energies which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government. 360 U.S. at 571, 79 S.Ct. at 1339.

The Court quoted extensively the opinion expressed by Judge Learned Hand in Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949):

> It does indeed go without saying that an official, who is in fact guilty of using his powers to vent his spleen upon others, or for any other personal motive not connected with the public good, should not escape liability for the injuries he may so cause; and, if it were possible in practice to confine such complaints to the guilty, it would be monstrous to deny recovery. The justification for doing so is that it is impossible to know whether the claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties. Again and again the public interest calls for action which may turn out to be founded on a mistake, in the face of which an official may later find himself hard put to it to satisfy a jury of his good faith. There must indeed be means of punishing public officers who have been truant to their duties; but that is quite another matter from exposing such as have been honestly mistaken to suit by anyone who has suffered from their errors. As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.

In regard to the defendant Nancy E. Lyman, she is merely a secretary and is not a member of the Board. She did not participate in the formation of the rule and is therefore not liable in any event.