Julian **WILKERSON**, a minor, by his parent and natural guardian Gracie Wilkerson, and Gracie Wilkerson, in her own right

v.

George **MOCK**, Police Officer, et al.

Civ. A. No. 75–1874.

United States District Court,
E. D. Pennsylvania.

Oct. 15, 1975.

with the Supreme Court of Pennsylvania and is now pending.

972

Allen H. Silverman, Philadelphia, Pa., for plaintiff.

Sheldon L. Albert, City Solicitor, Stephen Saltz, Asst. City Solicitor, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

Presently before the Court is a motion by Defendants Joseph O'Neill, Frank L. Rizzo, and the City of Philadelphia, to dismiss the complaint filed by the Plaintiffs under 42 U.S.C. § 1983.

The complaint is based on an alleged unlawful search and arrest of minor Plaintiff Julian Wilkerson by Defendant Mock and other police officers. It is asserted that subsequent to the unlawful arrest, the Plaintiff was brutally beaten by the police officers and received severe injuries. The claim asserted against Police Commissioner O'Neill, Mayor Rizzo and the City of Philadelphia is that "by their negligence in failing to adequately train and supervise the individual police officers, [they] directly caused the injuries and harm suffered by the Plaintiff."

In addition to the claim asserted under 42 U.S.C. § 1983, Plaintiffs seek pendent jurisdiction over state claims of assault and battery, false imprisonment, and malicious prosecution arising under the same facts as the § 1983 claim.

For the purpose of a motion to dismiss, the material allegations of the complaint are taken as admitted, and the complaint should not be dismissed unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Walker Process Equipment, Inc. v. Food Machinery and Chemical Corp.*, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Nevertheless, a complaint in a civil rights action must specifically plead a cause of action, and mere conclusionary allegations that unspecified constitutional rights have been infringed will not suffice. *Kauffman v. Moss*, 420 F.2d 1270 (3d Cir. 1970); *Rodes v. Municipal Authority of the Borough of Milford*, 409 F.2d 16 (3d Cir. 1969). Applying these standards to the present case, the motion of the Defendants to dismiss the complaint is granted for the reasons discussed below.

The City of Philadelphia is exempt from suit under 42 U.S.C. § 1983 because a municipality is not a "person" within the purview of the statute. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Similarly, Defendants O'Neill and Rizzo were not proper defendants under the Civil Rights Act in this case. It is well settled that police supervisory personnel are not liable in damages to a person injured by police misconduct absent direct personal participation. *Mack v. Lewis*, 298 F.Supp. 1351 (S.D.Ga.1969); *Patrum v. Martin*, 292 F.Supp. 370 (W.D.Ky.1968); *Runnels v. Parker*, 263 F.Supp. 271 (C.D.Cal.1967); *Jordan v. Kelly*, 223 F.Supp. 731 (W.D.Mo.1963); *Pritchard v. Downie*, 216 F.Supp. 621 (E.D.Ark.1963). The complaint in this case only alleges negligent supervision and training of the police officers directly involved in the incident; there is no allegation that Defendants O'Neill and Rizzo either ordered or participated in the alleged offense.

Plaintiffs, however, relying on *Hill v. Toll*, 320 F.Supp. 185 (E.D.Pa.1970), assert that the Defendants are subject to the civil rights claim under the doctrine of *respondeat superior*. The majority view, however, is that this doctrine does not apply to § 1983 claims. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973); *Bichrest v. School District of Philadelphia*, 346 F.Supp. 249 (E.D.Pa.1972). Further, *Hill v. Toll* is distinguishable from the present set of facts. In that case, the defendants were, *inter alia*, a surety company that had provided the plaintiff with bail bond, and the surety's agent who arrested the plaintiff in con-

nection with the bail bond contract. The court held that the surety company was vicariously liable for the actions of its agent under the doctrine of *respondeat superior*.

■■ In the present case, Plaintiffs argue that the doctrine should be applied not to the employers of the allegedly offending agent, but to the superior officers of the agent, Defendants O'Neill and Rizzo. Superior officers are generally not liable for the torts of their subordinates whether at common law or under § 1983 because they are both servants of the same employer. *Carter v. Carlson,* 144 U.S.App.D.C. 388, 447 F.2d 358, 370 n. 39 (C.A.D.C.1971), rev'd on other grounds 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973); *see, Robertson v. Sichel,* 127 U.S. 507, 8 S.Ct. 1286, 32 L.Ed. 203 (1888). Further, the City of Philadelphia, the employer in this case, is not subject to the doctrine of *respondeat superior* because of its governmental immunity stated earlier.

Thus, although there may be some situations where the doctrine of *respondeat superior* applies to § 1983 claims, the present case is not one of them. Hence, the Plaintiffs have failed to state a claim upon which relief can be granted as to these Defendants.

■ Finally, as to the issue of pendent jurisdiction of the state tort claims against these Defendants, consistent with *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973) and *Fields v. Romano,* 370 F. Supp. 1053 (E.D.Pa.1974), the Court holds that this is not a proper situation in which to exercise its discretion and grant pendent jurisdiction.

The motion of Defendants to dismiss the complaint is therefore granted.