Iris COGGINS

v.

**James H. McQUEEN, Individually and as Sheriff of Chester County, Larry Smith, Individually and as Deputy Sheriff of Chester County, Kaye Carpenter Murray and County of Chester.**

**Civ. A. No. 77–3023.**

United States District Court,
E. D. Pennsylvania.

March 30, 1978.

Jeffrey M. Miller, Philadelphia, Pa., for plaintiff.

Lawrence E. Grant, Paoli, Pa., for McQueen & Smith.

Thomas O. Malcolm, West Chester, Pa., for Murray.

John S. Halsted, West Chester, Pa., for County.

## MEMORANDUM

BECHTLE, District Judge.

Plaintiff Iris Coggins ("Coggins") brought this civil rights action "to redress the deprivation under color of statute, ordinance, regulation, custom or usage of the rights, privileges and immunities secured to [her] by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and Equal Protection Clauses [*sic*] thereunder." The named defendants are: James H. McQueen ("McQueen"), individually and as Sheriff of Chester County; Larry Smith ("Smith"), individually and as Deputy Sheriff of Chester County; Kaye Carpenter Murray ("Murray"); and the County of Chester ("the County"). The express basis for Coggins' claims against each of the defendants are 42 U.S.C. §§ 1983, 1985 and 1986 [1] ("Civil Rights Acts") and state common law.[2] The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(1), (2), (3) and (4), and pendent jurisdiction.[3] The amount in controversy is alleged to exceed $10,000, exclusive of interest and costs.

Each of the defendants has filed a motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. For the reasons stated below, we will grant the motions of the County, McQueen and Murray to dismiss, and we will grant in part and deny in part the motion of Smith to dismiss.

### I. *County of Chester*

In support of its Fed.R.Civ.P. 12(b)(6) motion to dismiss, the County argues, first, that no cause of action can be stated against a county pursuant to 42 U.S.C. §§ 1983, 1985 or 1986 because it is not a "person" within the meaning of the Civil Rights Acts. Second, the County argues that Coggins has failed to state a claim upon which relief can be granted based upon the First, Fifth, Eighth or Fourteenth Amendments to the Constitution of the United States, because no constitutional claim can be implied against a municipality on a theory of *respondeat superior*. In its memorandum of law in support of its posi-

---

**1.** Paragraph one of Coggins' complaint reads as follows:

"1. This Federal action is brought pursuant to Title 42, United States Code, §§ 1983, 1985 and 1986, and seeks to redress the deprivation under color of statute, ordinance, regulation, custom or usage of the rights, privileges and immunities secured to plaintiff IRIS COGGINS by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and Equal Protection Clauses [*sic*] thereunder."

**2.** *See* note 3, *infra*, and Complaint, *e. g.*, ¶¶ 15, 24–27, 30, 31.

**3.** Paragraph two of Coggins' complaint reads as follows:

"2. Jurisdiction of this Honorable Court is founded upon Title 28, United States Code, §§ 1331 and 1343(1), (2), (3) and (4), as well as the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Honorable Court to consider claims arising under state law."

The Court notes that there is a basic and distinct difference between a statutory or constitutional provision which creates a cause of action and one which provides a basis for federal court jurisdiction. *Hagans v. Lavine*, 415 U.S. 528, 535–536, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). While 42 U.S.C. §§ 1983, 1985 and 1986 and, arguably, amendments to the Constitution of the United States, create a federal cause of action, 28 U.S.C. §§ 1331 and 1343(1), (2), (3) and (4) empower federal courts to entertain those claims. *Id.*

tion, the County urges this Court to adopt the dissenting opinion of Judge Garth in *Mahone v. Waddle*, 564 F.2d 1018 (3d Cir. 1977), which states that the Fourteenth Amendment does not create a private right of action.[4]

Coggins responds by conceding that a County is not a "person" within the meaning of 42 U.S.C. § 1983. She argues, however, that based on the authority of *Gagliardi v. Flint*, 564 F.2d 112 (3d Cir. 1977), ". . . this Honorable Court can exercise jurisdiction over the City of Philadelphia [*sic*], as well as the other defendants, under Title 28 United States Code, § 1331." Coggins argues further that, if this Court declines to exercise § 1331 jurisdiction over her constitutional claims, this Court has pendent jurisdiction to hear her state law claims against the "City of Philadelphia [*sic*]."

■ Taking the County's second argument first, we hold that Coggins has failed to state a claim upon which relief can be granted under the First, Fifth, Eighth or Fourteenth Amendments to the United States Constitution, because Coggins literally has failed to state a claim based upon any constitutional amendment. The fact that Coggins has alleged a deprivation of rights guaranteed by those amendments in a claim based upon 42 U.S.C. §§ 1983, 1985 and 1986 will not take the place of a claim based directly under an amendment to the United States Constitution.

■ Second, we hold that Coggins has failed to state a claim against the County upon which relief can be granted pursuant to 42 U.S.C. §§ 1983, 1985 or 1986, because a County is not a "person" within the meaning of the Civil Rights Acts. It is well settled, as Coggins concedes, that a county is not a "person" within the meaning of 42 U.S.C. § 1983. *Aldinger v. Howard*, 427

U.S. 1, 16–17, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *City of Kenosha v. Bruno*, 412 U.S. 507, 511–513, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Moor v. County of Alameda*, 411 U.S. 693, 710, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *Monroe v. Pape*, 365 U.S. 167, 187–192, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Further, although the Supreme Court has not ruled directly upon the issue, because of the common historical derivation of 42 U.S.C. §§ 1983, 1985 and 1986, *see Jones v. McElroy*, 429 F.Supp. 848, 868 n.3 (E.D.Pa. 1977), the majority of lower courts have held that a county is also not a "person" within the meaning of 42 U.S.C. §§ 1985 or 1986. *Bosely v. City of Euclid*, 496 F.2d 193, 195 (6th Cir. 1974); *Veres v. County of Monroe*, 364 F.Supp. 1327, 1328–1330 (E.D. Mich.1973), *aff'd mem.*, 542 F.2d 1177 (6th Cir. 1976), *cert. denied*, 431 U.S. 969, 97 S.Ct. 2929, 53 L.Ed.2d 1065 (1976); *Ransom v. City of Philadelphia*, 311 F.Supp. 973, 974 (E.D.Pa.1970). *See also Hahn v. Sargent*, 523 F.2d 461, 469–470 (1st Cir. 1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976); *Martin Hodas, East Coast Cinematics v. Lindsay*, 431 F.Supp. 637, 645 (S.D.N.Y.1977). Because a county is not a "person" within the meaning of 42 U.S.C. §§ 1983, 1985 or 1986, an essential element of a cause of action based upon those statutes is lacking and no claim upon which relief can be granted can be stated against a county pursuant to the Civil Rights Acts.

■ Coggins argues, however, that on the authority of *Gagliardi v. Flint, supra*, invoking federal jurisdiction pursuant to 28 U.S.C. § 1331, rather than §§ 1343(1), (2), (3) or (4), somehow bypasses the traditional limitation that a county is not deemed to be a "person" within the meaning of the Civil Rights Acts and permits this Court to adjudicate her constitutional claims against the

---

4. The Court notes that the County's arguments, in support of its position that Coggins has failed to state a claim pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, seem to confuse the issue of whether a municipality may be subject to liability on a pendent state claim based upon a theory of *respondeat superior* with the issue of whether a private right of action may be based directly under amendments to the Constitution. However, because we have determined that no claim against any of the defendants has in fact been stated under any of these constitutional provisions, we need not address the merits of either of these issues.

County. The linchpin of Coggins' argument appears to be the following quotation from *Gagliardi v. Flint, supra* :

> ". . . we cannot say that the fourteenth amendment *claim* against the City is 'so insubstantial, implausible, foreclosed by prior decision of the [Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court.' *Hagans, supra*, 415 U.S. 528, at 543, 94 S.Ct. 1382, 39 L.Ed.2d 577, *quoting Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666–67, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974). It may be that a respectable case can be stated in support of the proposition that a *cause of action* for damages on the basis of vicarious liability cannot be implied against a municipal corporation under the fourteenth amendment. Nonetheless, it is evident under *Mt. Healthy, supra*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471, that the question remains perplexing and substantial. Thus, we conclude that the fourteenth amendment *claim* against the City was sufficiently substantial to vest the district court with federal question jurisdiction under 28 U.S.C. § 1331.
>
> Given the presence of federal jurisdiction, *Hagans* teaches that the district court did not abuse its discretion when it avoided the difficult constitutional question whether to imply a fourteenth amendment remedy in damages and proceeded instead to try the pendent state law claims." *Id.* at 116 (citations omitted) (emphasis supplied).

Coggins' interpretation of *Gagliardi* appears to be as follows: In *Gagliardi v. Flint, supra*, the Third Circuit distinguished between a *cause of action* based upon the Fourteenth Amendment and a *claim* alleging a deprivation of rights guaranteed by the Fourteenth Amendment. Thus, pleading a federal cause of action and a corresponding federal jurisdictional basis empowers a federal court to entertain the claims embraced within that cause of action. If the embraced claims present a substantial federal question, the federal court has an independent basis of federal jurisdiction over those claims and may exercise its pendent jurisdiction to adjudicate the state claims against that party which, together with the federal claims, present one constitutional "case." Applying that theory to the facts of this case, Coggins appears to argue that, although a claim upon which relief can be granted cannot be stated against a municipality pursuant to 42 U.S.C. § 1983 when federal jurisdiction is invoked pursuant to 28 U.S.C. § 1343, if federal jurisdiction is instead invoked pursuant to 28 U.S.C. § 1331, then, irrespective of whether a cause of action can be stated against a municipality pursuant to 42 U.S.C. § 1983, because the federal question presented by the constitutional claim *embraced within* 42 U.S.C. § 1983 is substantial, the Court has the power to exercise pendent jurisdiction to adjudicate the state law claims against the municipality.

Coggins' theory, although ingenious, is without merit. First, although there may be some support for the argument that there is a distinction between a "cause of action" and a "claim," *see e. g. Hagans v. Lavine*, 415 U.S. 528, 532–536, 94 S.Ct. 1372, 39 L.Ed.2d 577; *United Mine Workers v. Gibbs*, 383 U.S. 715, 722–725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), a closer reading of these cases and others, *see e. g. Aldinger v. Howard, supra*, 427 U.S. at 4–6, 96 S.Ct. 2413; *Hagans v. Lavine, supra*, 415 U.S. at 538–543 and 556–560, 94 S.Ct. 1372 (Rehnquist, J., dissenting); *United Mine Workers v. Gibbs, supra*, 383 U.S. at 725–728, 86 S.Ct. 1130, reveals that this is a distinction without a difference. Second, although there is arguably some support for Coggins' argument that § 1331 somehow transcends the limitations traditionally imposed in a § 1983 suit against a municipality, *see Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 277–279, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977),[5] we feel

---

5. *Mt. Healthy City School District Board of Education v. Doyle, supra*, states, in pertinent part:

"Because it is not a 'person' for purposes of § 1983, the Board reasons, liability may no more be imposed on it where federal jurisdic-

that a proper reading of that case reveals that the issue which the Supreme Court declined to decide was whether or not a private right of action could be implied directly under the Fourteenth Amendment, and not whether § 1331 jurisdiction bypasses the traditional limitations of § 1983 suits against municipalities. *Cf. Gagliardi v. Flint, supra,* 564 F.2d at 115.

Third, Coggins misconstrues *Gagliardi, supra,* and the cases relied upon by the Third Circuit in rendering its opinion. In *Gagliardi,* the issue presented was whether or not the district court had abused its discretion when it exercised pendent jurisdiction over the plaintiff's state law claims where her federal claim was based directly under the Fourteenth Amendment to the Constitution and alleged a deprivation of Fourteenth Amendment rights by the City of Philadelphia ("City"). Without deciding whether or not a private right of action could be implied directly under the Fourteenth Amendment, the Third Circuit held that, because of the controversy surrounding the issue, the federal question presented was sufficiently substantial to confer an independent basis of federal jurisdiction over the federal claims against the City. *Id.* at 116. Because an independent basis of federal jurisdiction over the federal claims against the City existed, *see generally Aldinger v. Howard, supra,* the Third Circuit ruled that the district court did not abuse its discretion when it exercised pendent jurisdiction over the state claims against the City. *Gagliardi v. Flint, supra,* 564 F.2d at 116. Furthermore, the Third Circuit ruled that it was not error for the district court to dispose of the case on the state law issues where, by doing so, it avoided disposition of a difficult constitutional issue. *Id.* at 114, 116, *citing Hagans v. Lavine, supra,* 415 U.S. at 543–550, 94 S.Ct. 1372. Any emphasis which the Third Circuit arguably placed on distinctions between "causes of action"

and "claims," in our opinion, was for the purpose of distinguishing *initial* federal subject matter jurisdiction over a federal cause of action, *see e. g. Hagans v. Lavine, supra,* 415 U.S. at 535–536, 94 S.Ct. 1372, and the issue of whether or not that *initial* federal subject matter jurisdiction *attached* or *was destroyed* depending on whether a substantial federal question was presented. *See e. g. Hagans v. Lavine, supra,* 415 U.S. at 536–538 and 560, 94 S.Ct. 1372 (Rehnquist, J., dissenting).

■ Finally, whether or not a substantial federal question has been presented is merely one of three elements necessary to a successful action based upon 42 U.S.C. § 1983. The other two necessary elements are that the defendant be a "person" and have "acted under color of state law." Because a municipality is not a "person" within the meaning of 42 U.S.C. §§ 1983, 1985 or 1986, one of the necessary elements is lacking and the claim must fail.

■ In conclusion, we hold that, because Coggins has failed to state a claim against the County upon which relief can be granted, pursuant to either 42 U.S.C. §§ 1983, 1985 or 1986, or directly under the amendments to the Constitution, this Court has no independent basis of federal jurisdiction over the claims against the County and, therefore, no discretion to invoke pendent jurisdiction over the state claims against the County. *Aldinger v. Howard, supra.*

For the reasons stated above, we will grant the County's Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

II. *McQueen, Smith and Murray*

A. *§§ 1985 and 1986*

■ In support of their motions to dismiss, defendants McQueen, Smith and Murray argue, *inter alia,* that the complaint

tion is grounded on 28 U.S.C. § 1331 than where such jurisdiction is grounded on 28 U.S.C. § 1343.

\* \* \* \* \* \*

"We leave those questions for another day, and assume, without deciding, that the re-

spondent could sue under § 1331 without regard to the limitations imposed by 42 U.S.C. § 1983."
*Id.* at 277–279, 97 S.Ct. at 571.

fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1985.[6] In *Everett v. City of Chester*, 391 F.Supp. 26, 28–29 (E.D.Pa.1975), this Court said:

". . . Plaintiffs have failed to state a cause of action under 42 U.S.C. § 1985(3). Paragraph 26 of the complaint reads as follows:

In doing the acts and things above complained of, the Defendants were conspirators engaged in a scheme and conspiracy designed and intended to deny and deprive the Plaintiffs' rights guaranteed to Plaintiffs under the Constitution . . .

The above paragraph is totally devoid of the requisite factual specificity required to state a claim pursuant to § 1985(3). Conclusory claims of conspiracy unsupported by factual allegations regarding an agreement are insufficient to establish a § 1985(3) claim. *Lucas v. Kale, supra*, 364 F.Supp. [1345] at 1374; *Droysen v. Hansen*, 59 F.R.D. 483, 484 (E.D.Wis.1973). The essence of a § 1985(3) conspiracy is an agreement to deprive the plaintiffs of the equal protection of the law. *Collins v. Bensinger*, 374 F.Supp. 273 (N.D.Ill.1974). In order to state a claim under § 1985(3), the conspiracy allegations must be supported by specific facts. *Robinson v. McCorkle*, 462 F.2d 111 (3rd Cir. 1972). Other than the bare averment that the "defendants were conspirators," the instant conspiracy count does not set forth any factual allegations concerning the membership, formulation, or purpose of the alleged conspiracy. Consequently, the § 1985(3) claim will be dismissed."

In the instant case, the allegations of the complaint in support of Coggins' § 1985(3) claims are less specific and more conclusory than those cited in *Everett, supra*. (*See e. g.* Complaint ¶¶ 10, 12, 29.) We hold, therefore, that Coggins has failed to state a claim against McQueen, Smith or Murray under 42 U.S.C. § 1985(3).

■ Furthermore, since a claim based upon 42 U.S.C. § 1986[7] is, by definition, dependent upon a meritorious claim under 42 U.S.C. § 1985(3), *Hahn v. Sargent, supra*, 523 F.2d at 469–470; *Agnew v. City of Compton*, 239 F.2d 226, 233 (9th Cir. 1957), the fact that Coggins has failed to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1985(3) is fatal to her claim based upon 42 U.S.C. § 1986.

We hold, therefore, that Coggins has failed to state a claim upon which relief can be granted against McQueen, Smith or Murray pursuant to 42 U.S.C. §§ 1985(3) or 1986.

### B. *§ 1983*

■ We hold, further, that Coggins has failed to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983 against McQueen and Murray, because the complaint fails to allege with specificity that either McQueen or Murray were in any way actually involved in the conduct which allegedly injured Coggins. It is well settled in this circuit that liability based directly upon 42 U.S.C. § 1983 cannot be based on a theory of vicarious liability, but instead requires actual participation in the unlawful conduct, or actual knowledge of and acquiescence in that conduct.[8] *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976), *citing Goode v. Rizzo*, 506 F.2d 542, 550 (3d Cir. 1974), *rev'd on other grounds* 423 U.S. 362, 96 S.Ct. 598, 46

**6.** Coggins has not specified the particular subsection of 42 U.S.C. § 1985 upon which she relies. However, a reading of 42 U.S.C. §§ 1985(1), (2) and (3) indicates that the factual allegations of the complaint would arguably only support a claim based upon § 1985(3). We will, therefore, assume that Coggins intends to state a claim pursuant to 42 U.S.C. § 1985(3).

**7.** 42 U.S.C. § 1986 states, in pertinent part:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title are about to be committed, and having power to prevent or aid in preventing the commission of the same . . .

**8.** The Court notes that, while the authorities cited refer to "officials," the same analysis applies to Murray by reason of the allegations that she conspired with, or acted in consort with, the named officials.

L.Ed.2d 561 (1976). *See also Bracey v. Grenoble*, 494 F.2d 566, 570–571 (3d Cir. 1974); *Curtis v. Everette*, 489 F.2d 516, 521 (3d Cir. 1973), *cert. denied*, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974); *Roach v. Kligman*, 412 F.Supp. 521, 528 (E.D.Pa.1976); *Wilkerson v. Mock*, 403 F.Supp. 971, 973–974 (E.D.Pa.1975); *Veres v. County of Monroe, supra*, 364 F.Supp. at 1331. While the complaint in the instant case does allege that the defendants acted intentionally (*see* Complaint ¶¶ 9, 10), the factual allegations of the complaint do not support a conclusion that any defendant other than Smith in any way actually participated in, or had actual knowledge of and acquiesced in, the conduct which allegedly deprived Coggins of her constitutional rights.

### C. *Pendent State Claims*

 Coggins' complaint alleges claims against McQueen, Smith and Murray based upon state common law, and she invites this Court to exercise pendent jurisdiction over those claims. Because we hold that Coggins has failed to state a claim upon which relief can be granted against McQueen or Murray pursuant to 42 U.S.C. §§ 1983, 1985 or 1986, there is no independent basis of federal jurisdiction over the federal claims against McQueen and Murray and this Court, therefore, has no power to exercise pendent jurisdiction to entertain the state claims against them. *Aldinger v. Howard, supra.* However, because Coggins has stated a claim against Smith pursuant to 42 U.S.C. § 1983, and because that claim presents a substantial federal question which provides this Court with an independent basis of federal jurisdiction over the federal claims against Smith, we will exercise pendent jurisdiction to entertain Coggins' state claims against Smith.

For the reasons stated above, we will grant the Fed.R.Civ.P. 12(b)(6) motions to dismiss of McQueen and Murray and we will grant in part and deny in part the Fed.R.Civ.P. 12(b)(6) motion to dismiss of Smith.

An appropriate Order will be entered.