**Thelma SMITH**

v.

**PENNSYLVANIA UNEMPLOYMENT COMPENSATION BOARD OF REVIEW.**

Civ. A. No. 76–1797.

United States District Court, E. D. Pennsylvania.

May 12, 1978.

Lawrence H. Rudnick, Legal Aid of Chester County, Inc., Coatesville, Pa., for plaintiff.

Joseph W. McGuire, Deputy Atty. Gen., Pa. Dept. of Justice, Harrisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Plaintiff Thelma Smith ("Smith") brought this action to recover unemployment compensation benefits under the Emergency Jobs and Unemployment Assistance Act of 1974, P.L. 93–567, Title II—Special Unemployment Assistance Program ("SUA"). Defendant Pennsylvania Unemployment Compensation Board of Review ("PUCB") is a departmental administrative board of the Pennsylvania Department of Labor and Industry and is responsible, pursuant to the authority of 43 P.S. § 763, for making the final determination on appeals arising from claims for unemployment compensation. Presently before the Court are the motions of PUCB to dismiss for lack of subject matter jurisdiction and for failure

to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(1) and (6), respectively. For the reasons stated below, defendant's motions will be granted.

The facts pertinent to this Opinion are as follows: Smith was employed by the Chester County Head Start program during the school year for a period of approximately three years. She last worked there on May 30, 1975. During this three-year period, Smith was also employed from May, 1974, through August, 1974, on a part-time basis, at the Strawbridge and Clothier department store, where she earned a total of $490. On June 2, 1975, Smith applied to the Pennsylvania Bureau of Employment Security ("Bureau") for unemployment compensation benefits. The Bureau determined that Smith's employment under the Head Start program was not "covered" employment within the meaning of § 4 of the Pennsylvania Unemployment Compensation Act ("PUCA"), 43 P.S. § 753(l)(4)(8)(c),[1] and, accordingly, awarded her benefits of $14 per week based upon her part-time earnings. In making this determination,

the Bureau, pursuant to § 4(a)(2) PUCA, established Smith's base year[2] as the period from January, 1974, through December, 1974. Smith appealed the Bureau's determination to a Referee on the grounds that the Bureau, in computing her state unemployment compensation award, had erroneously computed her base year, that the correct computation would have determined her to be ineligible for state benefits, and that, therefore, she was eligible for federal benefits under SUA. The Referee found that Smith was eligible for SUA benefits, and reversed and remanded the claim to the Bureau for further administrative proceedings. The Bureau appealed the Referee's decision to the PUCB, pursuant to 43 P.S. § 824. On appeal, PUCB upheld the Bureau's findings and vacated the decision of the Referee.

In her complaint, Smith alleges that she was erroneously denied SUA benefits by PUCB, in violation of 42 U.S.C. § 1983 and SUA. She requests relief in the form of an award of benefits under SUA or, in the alternative, that PUCB be enjoined from

---

1. 43 P.S. § 753(l)(4)(8)(c) provides, in pertinent part:

    (l)(1) *"Employment"* means all personal service performed for remuneration by an individual under any contract of hire, express or implied, written or oral, including service in interstate commerce, and service as an officer of a corporation . . .

    \* \* \* \* \* \*

    (4) The word "employment" shall not include—

    \* \* \* \* \* \*

    (8)(a) Service performed in the employ of (i) a church or convention or association of churches or (ii) an organization which is operated primarily for religious purposes and which is operated, supervised, controlled or principally supported by a church or convention or association of churches; or . . .

    \* \* \* \* \* \*

    (c) In the employ of a school (public or nonprofit) which is not an institution of higher education . . . ..

2. An award of benefits under Pennsylvania's unemployment compensation law is based on a determination of the claimant's "base year," which in turn is based on a determination of the claimant's "benefit year." § 401 PUCA, 43 P.S. §§ 801, 804. Pursuant to 43 P.S. § 753, these terms are defined as:

    (a) "Base Year" means the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year.

    (b) "Benefit Year" with respect to an individual who files or has filed a "Valid Application for Benefits" means the one-year period beginning with the day as of which such "Valid Application for Benefits" is filed, and thereafter the one-year period beginning with the day as of which such individual next files a "Valid Application for Benefits" after the termination of his last benefit year. . . .

    Once the claimant's base year period has been determined, compensation is payable to those individuals who meet the employment and wage requirements of 43 P.S. § 801, which provides, in pertinent part:

    Compensation shall be payable to any employe who is or becomes unemployed, and who—

    (a) Has, within his base year, been paid wages for employment as required by section 404(c) of this act: . . . (2) an employe whose base year wages are less than six hundred dollars ($600.00) shall not be eligible under the provisions of this subsection unless such wages were earned during eighteen (18) different weeks within such base year, which weeks need not be consecutive . . . ..

declaring her ineligible for SUA benefits based on her eligibility status. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983,[3] 28 U.S.C. § 1343(3) and pendent jurisdiction or, in the alternative, 28 U.S.C. § 1337.

PUCB filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1), on the grounds that this Court: (1) lacks subject matter jurisdiction because of the 11th Amendment; (2) lacks pendent jurisdiction because there is no independent basis of federal jurisdiction; and, (3) lacks jurisdiction pursuant to 28 U.S.C. § 1337 for Smith's claim under SUA, because SUA is not an "act regulating commerce" within the meaning of § 1337. PUCB also filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that Smith failed to state a claim upon which relief could be granted under § 1983 or SUA.

Smith concedes that she has failed to state a claim against PUCB pursuant to § 1983 upon which relief can be granted because PUCB is not a "person" within the meaning of § 1983 and that issue is, therefore, no longer before us. Of the remaining issues raised by PUCB's motions, only those relating to Smith's SUA claim and our jurisdiction over her SUA claim pursuant to § 1337 require discussion.

28 U.S.C. § 1337 provides a basis of federal court jurisdiction over federal "acts regulating commerce." The issue of whether SUA is an "act regulating commerce" within the meaning of 28 U.S.C. § 1337, so as to provide a basis for federal jurisdiction, is, as far as we can determine, one of first impression. However, we need not decide the jurisdictional issue because we find, for the reasons stated below, that Smith's SUA claim is so insubstantial and frivolous, and so clearly fails to state a claim upon which relief can be granted, that, even if we were to determine that this Court had an initial basis of federal jurisdiction pursuant to

§ 1337, this Court would be divested of that jurisdiction by virtue of the insubstantiality of Smith's claim. *See Hagans v. Lavine,* 415 U.S. 528, 536–538 and 560, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1973) (Rehnquist, J., dissenting); *Coggins v. McQueen,* 447 F.Supp. 960 at 965 (E.D.Pa.1978). *See also Norton v. Mathews,* 427 U.S. 524, 530–531, 96 S.Ct. 2771, 49 L.Ed.2d 672 (1976).

Turning to the merits of Smith's SUA claim, she alleges that SUA, as a federal unemployment compensation act, supercedes and preempts state unemployment compensation laws. More specifically, Smith argues that § 203 SUA preempts § 4(a)(2) PUCA to the extent of defining the applicable base-year period. If the SUA base-year criteria had been applied, Smith argues, her base year would have been defined as the period from June 3, 1974, through June 2, 1975, rather than from January, 1974, through December, 1974, as it was defined by PUCB, and that, pursuant to 43 P.S. § 801(a),[4] she would, therefore, be ineligible for state unemployment benefits because, during that period, she earned less than $600 over a period of 13 weeks. Smith further contends that, if PUCB had correctly defined her base year, she would have been found ineligible to receive state unemployment benefits and thus eligible to receive SUA benefits, that under SUA all of her employment would have been taken into account and that she would, therefore, have been found eligible to receive SUA benefits at a rate of $55 per week.

■■■ A plain reading of SUA clearly reveals that it was enacted as emergency stopgap legislation intended to provide temporary federal unemployment compensation benefits for workers who were unemployed and not eligible for unemployment compensation benefits under any other law. § 201 SUA.[5] The purpose of SUA is clearly to

---

**3.** The Court notes that 42 U.S.C. § 1983 is not a jurisdictional provision.

**4.** *See* note 2, *supra.*

**5.** Section 201 SUA states:
It is the purpose of this title to establish a temporary Federal program of special unem-

ployment assistance for workers who are unemployed during a period of aggravated unemployment and who are not otherwise eligible for unemployment allowances under any other law.

supplement, and not to preempt, state and other unemployment compensation laws, as evidenced by the fact that only residents of those states that have entered into an agreement with the Secretary of Labor under § 202 SUA are eligible to receive SUA benefits. § 203(a)(5) SUA.· In addition, SUA eligibility requirements specifically incorporate state unemployment eligibility criteria by requiring that an individual who does not meet the state unemployment and wage requirements in the first instance cannot be eligible under SUA criteria for federal benefits. § 203(a)(1) SUA.[6] The clear meaning of the statute is that SUA benefits are payable to claimants who qualify under state unemployment compensation law but who are otherwise ineligible for state benefits. *See* 4 United States Code, Congressional and Administrative News, 94th Congress, 2nd Session (1974) at 6766. In this case, based on the record before us, we find that PUCB correctly applied state criteria in its determination that Smith was eligible for state unemployment benefits and thus ineligible for SUA benefits. Accordingly, we will grant PUCB's motion to dismiss for failure to state a claim under SUA upon which relief can be granted. In addition, because we find Smith's claim under SUA to be so frivolous and insubstantial as to divest this Court of federal jurisdiction, we will grant PUCB's motion to dismiss for lack of subject matter jurisdiction.

---

**6.** Section 203 SUA states, in pertinent part:

An individual shall be eligible to receive a payment of assistance or waiting period credit with respect to a week of unemployment occurring during and subsequent to a special unemployment assistance period in accordance with the provisions of this title if—
(1) the individual is not eligible for compensation under any State or Federal unemployment compensation law . . . with respect to such week of unemployment . . . . : *Provided,* That the individual meets the qualifying employment and wage requirements of the applicable State unemployment compensation law . . . and, for the purpose of this proviso, employment and wages which are not covered by the State law shall be treated as though they were covered, except that employment and wages covered by any State or Federal unemployment compensation law . . . shall be excluded to the extent that the individual is or was entitled to compensation for unemployment thereunder on the basis of such employment and wages . . . ..